## Commonwealth *v.* Diefenbacher.

*Oleomargarine—Constitutional law—Statutes—Act of 1899.*

The Act of May 5, 1899, P. L. 241, does not offend against any provision of the constitution in that it provides for a penalty for the sale of oleomargarine under certain conditions and also makes the same act a misdemeanor. The penalty recovered in the civil action and the fine and imprisonment imposed in the criminal prosecution are but parts of one punishment.

Argued May 23, 1900. Appeal, No. 214, April T., 1900, by defendant, in suit of Commonwealth of Pennsylvania, against M. M. Diefenbacher, from judgment of Q. S. Erie Co., Feb. Sess., 1900, No. 13, on verdict of guilty. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by RICE, P. J.

Indictment for unlawful sale of oleomargarine and butterine. Before WALLING, P. J.

The facts sufficiently appear in the opinion of the court.

Verdict of guilty and sentence thereon to pay a fine of $100 and costs of prosecution. Defendant appealed.

*Errors assigned* among others were (1) the court below should have held that the act of May 5, 1899, is unconstitutional and in violation of the constitution of the United States. (4) It imposes two penalties for one offense, and is therefore unconstitutional.

*J. Ross Thompson*, for appellant.—The act of 1899 places persons in jeopardy twice for the same offense. The proceeding before an alderman or justice of the peace is for the recovery of a penalty, and therefore penal.

It will be seen by reference to the evidence in this case that the appellant in addition to the indictment for violation of the provisions of this act was also sued in the name of the commonwealth before an alderman for the same offense and under the same evidence and same state of facts.

In either case upon failure to pay the appellant could be committed to jail and therefore twice in jeopardy.

*C. L. Baker*, with him *Milton W. Shreve*, district attorney, and *D. A. Sawdey*, for the commonwealth.

OPINION BY RICE, P. J., July 26, 1900 :

The defendant was indicted and convicted in the court of quarter sessions for a violation of the provisions of the Act of May 5, 1899, P. L. 241, entitled, "An act to regulate the manufacture and sale of oleomargarine and butterine and other similar products, to prevent fraud and deception by the manufacture and sale thereof as an imitation of butter, the licensing of manufacturers of and dealers in the same, and providing punishment for violation of the act and the means for its enforcement." It appeared on the trial, that the defendant had been sued before an alderman for the penalty prescribed by the 4th section, and he contended that this action was a bar to his conviction on the indictment. In answer to this contention the court said: " There is evidence that there was a civil suit brought for this violation of the law; but that case was appealed, and the defendant has not paid the penalty, and for that reason that would not be a defense to this criminal prosecution. I am inclined to think it would be no defense if he had paid it, but inasmuch as it has not been paid, I instruct you as matter of law that that penal action is no defense to this criminal prosecution." It has been said that it is not the policy of the law to multiply penalties, and as a general proposition this is true. Nevertheless many statutes have been enacted by our legislature which provide that a person violating their provisions shall be liable to a penalty to be recovered in a civil action as debts of like amount are recoverable and shall also be guilty of a misdemeanor, and upon conviction be fined and imprisoned. We know of no Pennsylvania decision in which it has been held that such legislation offends against any provision of our constitution. This

is not punishing the same offense twice. The penalty recovered in the civil action and fine and imprisonment imposed in the criminal prosecution are but parts of one punishment. As was said in People v. Stevens, 13 Wendell, 341, "they both constitute the punishment which the law inflicts upon the offense. That they are enforced in different modes of proceeding and at different times does not affect the principle." See also Bish. St. Cr. sec. 171.

The other questions raised by the assignments of error have been considered and passed upon in Commonwealth v. Vandyke, 13 Pa. Superior Ct. 484, and Commonwealth v. McCann, ante, p. 221. Notwithstanding the earnest and able argument of the appellant's counsel we are all of opinion that the questions are ruled adversely to their contention by the cases there cited.

The judgment is affirmed and the record is remitted to the court below to the end that the sentence be fully carried into effect.