## Commonwealth v. Mackill (et al., Appellant).

Argued November 18, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Lewis M. Stevens,* of *Stradley, Ronon, Stevens & Denby,* with him *James E. Gallagher, Jr.,* and *Robert W. Beatty,* for appellant.

*William R. Toal,* Assistant District Attorney, with him *William J. MacCarter, Jr.,* District Attorney, for appellee.

OPINION BY STADTFELD, J., January 31, 1936:

The defendant, James Mackill, holder of a Retailer's Malt Liquor License, executed a bond, with the Seaboard Surety Company as Surety, in favor of the Commonwealth of Pennsylvania in the penal sum of $1,000. This bond was given pursuant to the requirements of the Malt Liquor License Law of 1933. On or about March 23, 1934, Mackill, having been indicted for violations of the Malt Liquor License Law of 1933, was found guilty and sentenced to pay a fine of three hundred ($300) dollars and costs, or to serve six months in jail in default thereof. Four days later Mackill paid his fine and costs in the total amount of $384.92.

Thereafter, on or about April 24, 1934, upon petition of the District Attorney of Delaware County, the afore-

said Retailer's Malt Liquor License was revoked for alleged violation of the Malt Liquor License Law, 1933 P. L. 252, as amended, 1933 P. L. 75, No. 14 (special session).

On May 8, 1934, the District Attorney filed a confession of judgment, pursuant to the terms of the aforesaid bond, and judgment was accordingly entered against Mackill and Seaboard Surety Company, demand for payment of which had been made.

Thereafter, the Seaboard Surety Company filed its petition to open the judgment on the ground that payment of the fine and costs in the criminal proceedings constitutes full satisfaction of Mackill's obligations to the Commonwealth, and that the entry of judgment on the bond constitutes a second punishment for the same offense, which duplication of punishments is contrary to law. From the discharge of the rule, this appeal has been taken.

The pertinent portions of the bond in question are as follows: "NOW THEREFORE, the condition of this obligation is such that if upon and after the issue of such license the above bounden principal shall faithfully observe the provisions of all the laws of this Commonwealth relating to the sale of beverages and all laws relating to the manufacture, sale, or transportation of alcohol or of any other alcoholic beverages, then this obligation shall be void; otherwise, it shall remain in full force, virtue and effect."

Section 18 of the Malt Liquor License Law is as follows: "All Licensees to Furnish Bond.—No license shall be issued to any distributor or retailer, or railroad, pullman or steamship company, until the licensee shall have first executed a bond to the Commonwealth of Pennsylvania, and a warrant of attorney to confess judgment, in the penal sum hereinafter prescribed and with sufficient sureties, either personal or a surety company authorized to do business in this Commonwealth.

Such bonds shall not be accepted until approved by the treasurer in the case of licenses issued to retailers and distributors, and by the Department of Revenue in the case of licenses issued to railroad, pullman or steamship companies. All such bonds shall be conditioned for the faithful observance of all the laws of this Commonwealth relating to the sale of beverages, or relating to the manufacture, sale or transportation of alcohol or any other alcoholic beverages. Such bonds shall be filed with and retained by the treasurer in the case of licenses issued to retailers and distributors, and by the Department of Revenue in the case of licenses issued to railroad, pullman or steamship companies. The penal sums of such bonds filed by a distributor or retailer shall be one thousand dollars for each place at which the licensee is authorized to sell beverages. The penal sums of such bonds filed by railroad, pullman or steamship companies shall be one thousand dollars, irrespective of the number of licensed cars or ships operated by such companies. Every such bond shall be turned over to the district attorney, or the Attorney General, as the case may be, to be sued out if, and when, the licensee's license shall have been revoked as herein provided."

Section 29 of the same law is as follows: "Penalty— Any person, copartnership, association or corporation violating any of the provisions of this act shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not exceeding three hundred dollars ($300) for the first offense, and for any second or subsequent offense shall be sentenced, upon conviction, to pay a fine not exceeding five hundred dollars ($500). Any such person, or the members, agents, servants or employes of any such partnership or association, or the officers, directors, agents, servants or employes of any such corporation, responsible for any violation of any of the provisions of this act, in addi-

tion to the fines hereinbefore prescribed, shall, upon a first conviction, be sentenced to imprisonment for a term not exceeding six months, and upon a second or subsequent conviction, be sentenced to imprisonment for a term not less than six months or more than one year."

Section 13 provides that if the licensee has violated any of the laws of this Commonwealth relating to the sale of beverages, the Court of Quarter Sessions may revoke the said license.

When the licensee has violated any of the provisions of the Act relating to the sale of malt liquors or relating to the manufacture, sale or transportation of alcohol or other alcoholic beverages, that is sufficient to find him guilty of a misdemeanor and is also sufficient to revoke his license, which calls for the collection of a penalty.

The question here is whether he is liable for the penalty under the bond, when he was punished for the misdemeanor.

Appellant contends that the bond in question is a penalty or forfeiture bond; that the entry of judgment thereunder is a punitive proceeding and constitutes a punishment; that the principal in the bond having been previously convicted and fined pursuant to Section 29 of said law, the entry of judgment on the bond constitutes a second punishment for the same offense, and is contrary to law in the absence of an explicit and indubitable provision in the Malt Liquor License Law, evidencing a legislative intent to punish the defendant twice for the same offense, and that there is no such clear expression in said law.

Section 29 of the Act declares that a violation of any of the provisions of the Malt Liquor License Law shall be a misdemeanor and it provides certain penalties as punishment.

The same Act specifically provides that before the

license shall be issued, the bond must be filed with and approved by the Treasurer. The bond is an integral part of the license and the revocation of the license brings about the forfeiture of the bond.

Appellant contends that because the two sections of the Act referred to happen to be separately numbered and set apart from each other and not connected by a conjunctive "also" that the Legislature failed to express its intention explicitly and indubitably that it intended a licensee to forfeit his bond as well as suffer a criminal penalty for violation of the provisions of the said Malt Liquor License Law. With this contention we cannot agree.

The Legislature made it the mandatory duty of the District Attorney to sue out the bond and likewise places upon the District Attorney the duty to prosecute violators of the provisions of the Act criminally, and provides penalties in case of convictions. When the same Act of the Legislature makes provisions for exacting a civil penalty and likewise makes provisions for exacting a criminal penalty, the Legislative intent is too apparent to leave any room for doubt. If, in the instant case, the amount of the bond had, after a forfeiture of the license for a violation of the Act been collected under proper proceedings, and subsequently a criminal prosecution had been instituted for the same violation, it could scarcely be contended that such collection could be pleaded in bar of an indictment.

In Commonwealth v. Diefenbacher, 14 Pa. Superior Ct. 264, this court, speaking through President Judge RICE said, at pp. 265, 266: "It has been said that it is not the policy of the law to multiply penalties, and as a general proposition this is true. Nevertheless many statutes have been enacted by our legislature which provide that a person violating their provisions shall be liable to a penalty to be recovered in a civil action as debts of like amount are recoverable and shall also be

guilty of a misdemeanor, and upon conviction be fined and imprisoned. We know of no Pennsylvania decision in which it has been held that such legislation offends against any provision of our constitution. This is not punishing the same offense twice. The penalty recovered in the civil action and fine and imprisonment imposed in the criminal prosecution are but parts of one punishment." To same effect, see Commonwealth v. Seiler, 20 Pa. Superior Ct. 260, 264. The principle enunciated is recognized in 16 C. J. 235.

In Lightner et al. v. The Commonwealth, 31 Pa. 341, the court, in construing the terms of a bond of similar character said by Mr. Justice STRONG, at pp. 342, 343: "Under the Act of Assembly, the required condition of the bond is, not that the obligor will pay whatever penalties may be imposed upon him by the Court of Quarter Sessions, but that he will faithfully observe all the laws of this Commonwealth, relating to his business. The bond would seem, therefore, to be substantially an agreement by the obligor to pay the stipulated sum, on condition that he fails to observe all the laws of the Commonwealth relative to the sale of intoxicating liquors. That it was not intended merely to secure the payment of fines imposed, and costs, may also be argued from the fact, that the statute requires imperatively, 'Whenever any judgment for any forfeiture or fine shall have been recovered, or conviction had for any violation of the provisions of this act, or any other law for the observance of which said bond shall be conditioned,' that the district attorney shall enter judgment upon it, and institute suit upon that judgment; without regard to the fact that the fine imposed may have been paid." To same effect, see Commonwealth v. Eclipse Literary and Social Club, 117 Pa. Superior Ct. 339, 178 A. 341; Commonwealth v. Moeschlin, 314 Pa. 34, 170 A. 119.

In the instant case, the learned court below, in a comprehensive opinion by FRONEFIELD, J., discussing simi-

lar cases from other jurisdictions, says: "In People v. Stevens, 13 Wendell (N. Y.) 341, it is said, 'It is undoubtedly competent for the legislature to subject any particular offense both to a penalty and to a criminal prosecution: it is not punishing the same offense twice. They are but parts of one punishment: they both constitute one punishment which the law inflicts upon the offense: that they are enforced in different modes of proceeding and at different times, does not affect the principle. It might as well be contended that a man was punished twice when he was both fined and imprisoned which he may be in most misdemeanors.' In re: Leszynsky 15 Federal Cases No. 8279 (1879) the revised statutes of the United States, Section 3318 provides, that any person who commits any one of the offenses named in the Act shall pay a penalty of $100 and shall on conviction be fined not less than $100 nor more than $5,000 and imprisoned not less than three months nor more than three years. The United States brought a civil suit against a defendant to recover the penalty of $100 for an offense specified in the Act and recovered a judgment therefor which was paid and the judgment satisfied of record. Subsequently a warrant was issued for the defendant for the same offense and he was committed for trial. Upon habeas corpus it was held that the criminal proceeding was not to punish him twice for the same offense but each was a part of the punishment provided for. In Hanby v. Commissioner of Internal Revenue 67 Federal Reporter (2d Series) 125, the petitioner had been indicted and found guilty of a violation of section 253 of the Revenue Act of 1921 (42 Stat 268) which provides that, 'Any individual ...... who wilfully attempts in any manner to defeat or evade the tax imposed by this title, shall be guilty of a misdemeanor' and punished by fine and imprisonment, and raises the question in this proceeding, whether such a conviction operates as a bar to the sub-

sequent assessment and collection under section 250 (b) of that Act of the added penalty of fifty per centum of the deficiency found to exist in the same fraudulent returns. After distinguishing the present case from United States v. LaFranca 282 U. S. 568 and United States v. Chouteau 102 U. S. 603, relied upon by petitioner the Court said that it is manifest that Congress intended to impose on the offender not only the fine and imprisonment 'but also the added penalty under section 250' to become due and payable upon notice and demand by the collector. Under such circumstances, it has been held that the statute does not impose a second punishment for the same offense, but that the several penalties are parts of a whole which is not satisfied by the imposition of a part." See also City of Albany v. Cassel (Georgia Court of Appeals) 76 Southeastern Reporter, 105.

We believe that the case was properly disposed of by the lower court.

The assignment of error is overruled and the order of the lower court affirmed. Costs to be paid by appellant.