## Commonwealth v. Roth

*William S. Hudders* and *Edwin L. Kohler*, for Commonwealth.

*Iobst & Getz*, for defendant.

HELFRICH, J., January 2, 1945. — The defendant, Raphiel Roth, on October 10, 1944, was adjudged guilty of violations of an ordinance of the City of Allentown, Pa., "providing for the care of and prevention of injury to the shade trees in the public highways, streets, and avenues, and imposing penalties and fines for the violation thereof", approved November 2, 1925. According to the information, he is the owner of premises Nos. 1234, 1236, 1238, and 1240 Lehigh Street, in that city, where he operates a fruit stand. In violation of the ordinance recited, he drilled holes in four shade trees, located in front of his property between the curb-line of the street and the sidewalk or footway, and attached to them metal pipes and electrical devices.

He was adjudged guilty in police court, and the matter was brought before us by allocatur, pursuant to which testimony was taken. Then, and subsequently by motion in arrest of judgment, it was contended that (1) he was not properly notified of the offenses with which he was charged, (2) the ordinance is void because it provides a penalty of imprisonment for violations without legal authority therefor, and (3) the trees in question were not within the bounds of a street as defined by law. We overruled the defendant's objections at hearing, and renew our original rulings here.

The first and third contentions give us no concern whatsoever. The first, indeed, need not be discussed, since it was orally withdrawn by counsel at argument. The third requires only the restatement of the elementary principle of municipal law, that for purposes of regulation and control a city street consists of cartway and sidewalk: McDevitt et al. v. People's Nat. Gas Co., 160 Pa. 367; Allegheny County Light Co. v. Booth, 216 Pa. 564; McCormick v. Allegheny County, 263 Pa. 146.

The second contention deserves more consideration. Municipal corporations possess and can exercise such powers only as are granted in express words, or are necessarily or fairly implied in or incident to those expressly granted, or those which are indispensable to the declared objects and purposes of the municipality: Pennsylvania Railroad Company's Case, 213 Pa. 373; Borough of Manorville v. Flenner, 87 Pa. Superior Ct. 84. What, in the premises, was the authority of council of the City of Allentown?

The defendant contends that when the ordinance was enacted (November 2, 1925), the only authority therefor was provided by the Act of May 31, 1907, P. L. 349, secs. 1-9, 53 PS §1671-1679, since repealed so far as third class cities are concerned, by the Third Class City Law of June 23, 1931, P. L. 932, art. XLVII, sec. 4701, but substantially reënacted as a part of that same act, the Third Class City Law, article XXXVIII, secs. 3801-3810, 53 PS §12198, 3801 to 3810. These sections, he argues, provide that a shade tree commission, in this case city council, may only assess penalties for violation of its regulations, and that such penalties shall be a lien upon realty of the offender, to be collected as municipal claims are collected. The authority to imprison for nonpayment, he contends, is nonexistent.

We cannot accept these views. A brief examination of the background of presently existing legislation will disclose the reason. Under the Clark Act, June 27, 1913, P. L. 568, article V, sec. 3, cl. 16, as amended by the Act of May 27, 1919, P. L. 310, sec. 12, a city of the third class was empowered "to regulate the planting, trimming, care and protection of shade trees in the streets". Therein lay the authority of city council at the time the ordinance was passed, and it is interesting to observe that the language is exactly that of the present legislation, Act of June 23, 1931, P. L. 932, article XXIV, sec. 2403, cl. 18, 53 PS §12198, 2403. By the same legislation, Act of 1913, supra, clause 46, council was empowered to enforce ordinances by penalty not

exceeding $100 dollars for any one offense, with imprisonment not exceeding 30 days (extended to 90 days by the amendment of 1919, supra, section 18) if judgment and costs were not paid. The penal provisions of this legislation, with more substantial fines permitted, have been reënacted into existing legislation, Act of 1931, supra, sec. 2403, cl. 54, 53 PS §12198, 2403. Actually, the penalty provided by the ordinance in question was less severe than the existing law permitted it to be.

Under the Act of 1907, supra, council had no right whatsoever to personally assume the functions of a shade tree commission. Council was authorized by it to appoint a separate commission, or to vest authority provided by the act in a presently existing public park commission. To these bodies, subject to the approval of council, was given authority to pass regulations and impose penalties, with a limited power of collection. When, however, council legislated upon the subject, under and by virtue of its general powers, within their scope, they were not limited by the act before us. The provisions of the ordinance, both as to fine and imprisonment, were entirely lawful.

Nor do we feel that any different situation has been created by incorporating shade tree commission legislation into the present Third Class City Law of 1931, supra, sections 3801-3810, 53 PS §12198, 3801 to 3810, even though thereby councils are themselves empowered to serve as a shade tree commission. In view of prior enactments, we prefer the position that the intent of the legislature in such case was to afford the city additional means for the collection of a penalty imposed. In such connection a quotation from Commonwealth v. State Loan Corp., 116 Pa. Superior Ct. 365, at page 369, may not be amiss:

"In Com. v. Diefenbacher, 14 Pa. Superior Ct. 264, 265, . . . It was held that a penalty recoverable in a civil action was not a bar to the imposition of a fine and a sentence to imprisonment in a criminal prosecution as

they are parts of but one punishment. President Judge Rice there said: 'It has been said that it is not the policy of the law to multiply penalties, and as a general proposition this is true. Nevertheless many statutes have been enacted by our legislature which provide that a person violating their provisions shall be liable to a penalty to be recovered in a civil action as debts of like amount are recoverable and shall also be guilty of a misdemeanor, and upon conviction be fined and imprisoned. We know of no Pennsylvania decision in which it has been held that such legislation offends against any provision of our Constitution.' "

The legislation before us does not go as far as these cases. It merely provides a civil means for collection of a fine already imposed but not theretofore paid.