## Commonwealth, Appellant, *v.* Turner Supply Company.

Argued April 9, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*R. Paul Lessy*, with him *James H. Duff*, Attorney General, for appellant.

*James L. Rankin*, with him *Geary & Rankin*, for appellee.

OPINION BY MR. JUSTICE DREW, May 21, 1945:

In this action of scire facias sur liens for State taxes, plaintiff, Commonwealth of Pennsylvania, claimed the sum of $1,553.70, plus interest, and a five percent Attorney General's fee, from defendant, Turner Supply Company. The writ was issued upon tax liens settled by the Department of Revenue in the Auditor General's office. In 1942, certified copies of these liens were filed in the office of the Prothonotary of the Court of Common Pleas of Delaware County for capital stock and corporate loans taxes; and in 1943, the Commonwealth issued this writ of scire facias. The praecipe contained a listing of the years in which the taxes became due, the type of tax, date of settlement, and amount due. Defendant thereafter filed an affidavit of defense in lieu of demurrer complaining that plaintiff had joined two or more causes of action in one proceeding, and that neither the praecipe nor the certificates filed stated in proper detail the amount claimed for interest, that no dates, rates or other calculations were set forth. On these pleadings the case was placed on the argument list, and after argument the learned court below filed a decree entering judgment for defendant for the two reasons stated in the affidavit of defense. The Commonwealth

appealed. Under our Rule 58, notice was given of the fact an appeal had been taken and the court below was requested to file a brief statement in the form of an opinion of the reasons for the judgment. No opinion was filed.

Section 1404 of the Fiscal Code, Act of April 9, 1929, P. L. 343, 421, authorizes the filing of liens for State taxes, and provides that, "The Department of Revenue may, at any time, transmit to the prothonotaries of the respective counties of the Commonwealth, to be by them entered of record, certified copies of all liens for State taxes, unpaid bonus, interest, and penalties, which may now exist, or hereafter arise, by virtue of any law of this Commonwealth, upon which record it shall be lawful for writs of scire facias to issue and be prosecuted to judgment and execution, in the same manner as such writs are ordinarily employed." Plaintiff complied with these provisions, but defendant claims that since the liens embodied one claim for corporate loan tax and five for capital stock tax, all arising in different years, the Commonwealth had improperly joined at least two and possibly six separate causes of action in one proceeding.

We can see nothing incongruous in joining in one action separate claims for taxes—even if the taxes are of different kinds, as in the instant suit. "In the absence of statutory limitation, the broad general rule is that several causes of action may be joined in the same suit provided they are of the same nature or are recoverable in the same form of action." Am. Jur., Vol. 1, §66, pp. 456-7; 3 Stand. Pa. Prac., §49, pp. 53-4. To the same effect, see 1 Corpus Juris Secumdum, 1343 et seq., where it is said at page 1364: "Separate actions for taxes due by the same owner on separate parcels or tracts of land may be consolidated, and under the statutes existing in some jurisdictions all tax suits pending against any particular piece of property are required to be consolidated,"

In *Pennsylvania Railroad Co. v. Bock,* 93 Pa. 427, it was held that a common law and a statutory claim for damages may be consolidated. In *Beltzhoover Bor. v. Maple,* 130 Pa. 335, 342, 18 A. 650, it was held that several municipal liens filed against several lots forming a block could be consolidated in one suit to save costs. In *Beshler's Estate,* 129 Pa. 268, 18 A. 137, it was held that a number of judgments against the same defendant may be consolidated and revived in one writ of scire facias, even though one of the judgments was against another person.

It is clear the separate claims combined in this action arise from the same cause, i. e., unpaid tax assessments; that they involve the same parties; that the same pleading covers each claim, and that they can be disposed of together in the same judgment. ". . . if several causes of action arise under the same statute, are against the same party, are triable in the same manner, and can be embodied in the one judgment, they may be united in one complaint." Am. Jur., Vol. 1, §66, pp. 456-7. Since what was done here meets all these requirements there was no misjoinder.

It is obvious that the consolidation of tax claims due to the Commonwealth in one writ of scire facias, when possible, prevents a multiplicity of suits, unnecessary expense, and other needless burdens and delays in the administration of justice. It is for this common sense reason such consolidations are favored by the law. And because defendant, the one against whom the writ is directed, cannot be prejudiced by such consolidation. He is bound to be benefited thereby. If he has any real defense, such as payment, to any of the liens, such defense can be interposed to that particular lien or liens without any difficulty—in his affidavit of defense and at the trial.

We are not impressed by the second and last reason for entering judgment for defendant. The interest in

amount of $2199.28 is claimed in the praecipe and it is an easy matter to determine the amount due on each lien, if an itemized statement is necessary, the year, date of settlement and principal amount due clearly appearing. A simple calculation under the control of the court, with the addition of the attorney's fee fixed by statute, is all that is necessary. It would be very strange if on the facts of this case the Commonwealth lost approximately $4,000.00, and especially so where there is no denial it is due. However, defendant should be given an opportunity to file another affidavit of defense.

Decree reversed; costs to be paid by defendant.