## Commonwealth v. Keystone Building & Loan Association of Shamokin

*Carpenter & Carpenter*, for Commonwealth.
*John L. Pipa, Jr.*, for defendant.

TROUTMAN, J., November 22, 1948.—On April 13, 1945, the Commonwealth of Pennsylvania, for the purpose of entering a lien for State taxes, delivered to the office of the prothonotary of this court, a certificate of lien and a certified copy of an account showing the amount of tax due the Commonwealth by defendant,

Keystone Building & Loan Association, as settled by the Department of Revenue and audited and approved by the Department of the Auditor General, together with a præcipe directed to the prothonotary, as follows:

"Please enter of record as a lien in favor of the Commonwealth of Pennsylvania and against the above named defendant, as provided under the Act of General Assembly approved April 9, 1929, P. L. 343, as amended, in the amount of $216.29, together with interest thereon from January 2, 1938, for taxes due the Commonwealth from the above-named corporation, an itemized statement of the assessment of said taxes being hereto attached together with a certificate of lien signed by the Secretary of Revenue which are made a part hereof and filed with the records of said lien."

The certificates filed by the Commonwealth show that the kind of tax which was settled against defendant was the State tax on matured stock of domestic building and loan associations for the year ending December 31, 1936.

In accordance with said præcipe and certificate of lien of the Department of Revenue and the certified copy of the tax settlement, the prothonotary caused a judgment to be entered to no. 465, May term, 1945, against defendant in the amount of $216.29, with interest from January 2, 1938, in the following form:

"Under an Act of Assembly approved April 9, 1929, P. L. 343, as amended, a judgment is entered in favor of the plaintiff and against the defendant for the sum of $216.29, with interest from January 2, 1938, for corporation taxes due the plaintiff.

"Benjamin F. Tiley, Prothonotary. Entered and filed April 13, 1945."

The Fiscal Code of April 9, 1929, P. L. 343, sec. 1404, 72 PS §1404, provides:

"The Department of Revenue may, at any time, transmit to the prothonotaries of the respective counties of the Commonwealth, to be by them entered of record, certified copies of all liens for State taxes, unpaid bonus, interest, and penalties, which may now exist, or hereafter arise, by virtue of any law of this Commonwealth, upon which record it shall be lawful for writs of scire facias to issue and be prosecuted to judgment and execution, in the same manner as such writs are ordinarily employed."

On April 30, 1945, defendant presented its petition to this court praying for a rule to show cause why the judgment entered in this case should not be stricken from the record, averring, inter alia, that the said judgment is irregular, null and void for the reason that it is prematurely entered in that under section 1404 of the Act of 1929, P. L. 343, supra, the most that could be entered would have been a lien for said taxes and, further, that the said judgment is irregular in form and void for the reason that it does not show upon what computation of principal the sum alleged to be due was computed and that there is no statement showing what amount, if any, of matured stock was owned or held by defendant corporation during the year 1936. A rule was granted as requested in said petition and an answer was filed by the Commonwealth in which it set forth that the prothonotary inadvertently or mistakenly entered or inserted the word "judgment" instead of the word "lien" as he was directed to do in the said præcipe and further that there was a sufficient statement filed at the time the lien was requested to show the amount of tax due on account of matured stock owned or held by defendant corporation during the year 1936.

On May 20, 1946, the Commonwealth of Pennsylvania presented its petition for a rule to show cause why the records of the said tax lien entered to no. 465,

May term, 1945, should not be changed by inserting therein instead of the word "judgment", the word "lien", averring in said petition that the mistake was made by the prothonotary in that the præcipe instructed the said prothonotary to enter a lien and not a judgment. A rule to show cause was granted by this court on the said petition and an answer thereto was filed by defendant denying the allegations of said petition.

The foregoing petitions and rules together with answers thereto are before the court for disposition. The only testimony offered in support of these rules is the record.

Clearly, under the Act of April 9, 1929, P. L. 343, supra, the Department of Revenue is authorized to transmit to the prothonotaries of the respective counties of the Commonwealth certified copies of all liens of State taxes, to be by them entered of record and, following the entry of said liens for State taxes, it shall then be lawful for writs of scire facias to issue and be prosecuted to judgment and execution. Under this act it is provided that there be first a lien entered for the State tax which might be due and that a judgment can only be obtained after the issuance of a writ of scire facias. A careful review of the papers submitted by the Commonwealth of Pennsylvania to the prothonotary of this county on April 13, 1945, convinces us that all that the prothonotary was requested to do was to enter the amount of tax which was settled against defendant as a lien in accordance with the above section of the Act of 1929. The præcipe filed with the prothonotary clearly directs him to enter a lien and when he entered the same as a judgment he exceeded his authorization.

We are of the opinion that the rule to show cause why the prothonotary's record should not be corrected by substituting the word "lien" must be made absolute.

Every court of record is the guardian or judge of its own records. It has power to amend its records to make them conform to the facts: Delco Ice Mfg. Co. v. Frick Co., Inc., 318 Pa. 337, 342; Mid-City Bank & Trust Co. v. Myers et al., 343 Pa. 465, 471. No one has been or will be prejudiced by permitting the record to be amended. Plaintiff proceeded in accordance with the act of assembly and should not be made to suffer because of the inadvertence of the prothonotary who was then in office to properly fulfil the instructions contained in the præcipe filed by the attorney for the Commonwealth. The præcipe is part of the record and is the foundation of all the proceedings, being the order of plaintiff for issuing the first process and the court may order an amendment or a correction of the record to make it conform to the provisions of the præcipe. See Fitzsimons v. Salomon, 2 Binney 436, 437.

Therefore, the court will direct the prothonotary to strike out the word "judgment" contained in the prothonotary's entry of April 13, 1945, entered to no. 465, May term, 1945, and in its place use the word "lien".

The fact that the Commonwealth's petition to correct the record was filed subsequent to the petition of defendant to strike off the judgment is immaterial. The Commonwealth having complied in every respect with the Act of 1929, supra, it would not be just to make it suffer for the error committed by the prothonotary. Consequently, the reason assigned by defendant in its petition for its rule to show cause why the judgment should not be stricken from the record insofar as it relates to the entry of a judgment instead of a lien is without merit.

In its petition, defendant assigns as additional reasons for striking off the alleged judgment that the record does not specifically inform defendant as to how the amount of tax due was computed and lacks suffi-

cient information for defendant to properly defend. The papers filed with plaintiff's præcipe for the entry of a lien for State taxes included a certificate of lien certified by the Deputy Secretary of Revenue showing the date of settlement, the kind of tax, the period covered and the balance due and also a certified copy of the account settled by the Commonwealth, which account sets forth the tax owed by defendant on its full paid, prepaid and fully matured stock per Act of June 22, 1897, P. L. 178, and The Fiscal Code of April 9, 1929, P. L. 343, as amended, for the year ending December 31, 1936. There is also included a statement of the balance of tax due, showing the dates of settlement.

We are of the opinion that the foregoing certificates are sufficiently clear to indicate to defendant the nature and amount of the lien. The questions raised by defendant may be proper matters in a proceeding on a scire facias sur judgment but are not proper questions to be raised in an attempt to strike off the lien. It is well settled that defendant may and should present his objections and defenses to the State taxes entered as liens against it in its answer to a writ of scire facias: Commonwealth v. Stewart, 52 York 26. It may be pointed out that all these matters pertaining to calculation and amounts due can possibly be determined under the control of the court, at the proper time. See Commonwealth v. Turner Supply Co., 352 Pa. 288, 291. Therefore, defendant's petition and rule to show cause why the judgment should not be stricken from the record is dismissed and the rule issued thereon discharged.

### Order

And now, to wit, November 22, 1948, the rule issued, upon the petition of the Commonwealth, to show cause why the record should not be corrected is hereby made

absolute and the Prothonotary of Northumberland County is hereby directed to correct the record entry to no. 465, May term, 1945, by the deletion of the word "judgment" in said entry and the substitution therefor of the word "lien". The rule granted upon defendant's petition to show cause why the judgment should not be stricken from the record is hereby discharged and the petition dismissed.