## Commonwealth v. The Market Street National Bank of Shamokin

*J. P. Carpenter*, for Commonwealth.

*Marlin S. Unger* and *Francis F. Reamer*, for defendant.

FORTNEY, P. J., August 28, 1950.—The Commonwealth of Pennsylvania filed a lien in the court of common pleas of this county against the Market Street National Bank of Shamokin, Pennsylvania, as a result of a resettlement of State taxes. In further compliance with the act of assembly authorizing the entry of this lien (Act of April 9, 1929, P. L. 343, sec. 1404, as amended, 72 PS §1404), it next issued a writ of scire facias to show cause why judgment should not be entered on the lien and execution had. Defendant bank filed its answer, after which the Commonwealth filed preliminary objections and a motion for judgment for want of a sufficient affidavit of defense. The Commonwealth seeks judgment on the pleadings, and defendant asks that the lien be stricken from the record. The case was submitted to the court on the record after argument by counsel.

The relevant facts indicate the Department of Revenue, a duly authorized taxing authority, filed a lien on behalf of the Commonwealth against the bank in the amount of $342. This lien was filed June 10, 1947, and was based on "Loans Tax Resettlement for the year 1937". In an attempt to reduce this lien to judgment, the Commonwealth issued a scire facias on November 26, 1947, to which defendant bank, in its answer, set up "payment" as a defense. The preliminary pleadings filed by the Commonwealth, when summarized, contend that the tax resettlement was made by duly authorized taxing authorities, and the failure of

defendant to petition the department within 90 days after notice, for a resettlement, makes the departmental determination final and conclusive, and defendant cannot now question the assessment in this collateral procedure.

The Commonwealth contends the bank, in its answer, questions the authority of the department which made the resettlement of the taxes here involved, and relies upon matters of fact, which are irrelevant and inapplicable as a defense; that this is a collateral attack, and hence, of no avail. An examination of the record shows the answer of defendant bank to the scire facias does not question the authority of the taxing body, nor does it contend that the assessment was made in manner and form not authorized by law. It simply says, "We do not owe the amount claimed to be due, . . . it has been paid". This is not a collateral but direct attack upon the authority of the Commonwealth to obtain judgment.

In a further effort to sustain its position that judgment should be entered in its favor, the Commonwealth points to the Act of April 9, 1929, P. L. 343, as amended by the Act of June 27, 1947, P. L. 1023, sec. 2, which provides:

"Within ninety (90) days after the date upon which the copy of any settlement was mailed to the party with whom or with which settlement was made, such party, or the Commonwealth of Pennsylvania, may file, with the department which made it, a petition for resettlement."

It is argued that the failure of defendant to follow this procedure makes the departmental determination final and conclusive. To adopt the position thus taken by the Commonwealth would be to say that defendant may not set up as a defense in this court the fact that taxes for which the lien is filed have been

paid. Instead, defendant bank must, first, petition the Department of Revenue for a resettlement and, upon failure or refusal of the Department of Revenue to effect a resettlement, an appeal must be had, as provided by law, first, to the Board of Finance and Revenue for review, and then, to the court of Dauphin County. This is not our interpretation of the law. In Commonwealth v. Turner Supply Company, 352 Pa. 288, which was an action of scire facias, sur liens for State taxes and an interpretation of the Act of 1929, supra, the Supreme Court held, at page 291, if defendant has any real defense, such as payment to any of the liens, such defense can be interposed without any difficulty in his affidavit of defense and at trial. See, also, Commonwealth v. Stewart, 52 York 26, in which the court, in interpreting the same act, holds defendant may present his objections and defenses in his answer to the scire facias.

It is well established that a summary judgment or decree will not be granted, unless a case is clear. If the case is not clear, the parties must have an opportunity to develop the facts at trial: Mowry Exec. et al. v. McWherter, 365 Pa. 232. The Commonwealth should not ask that which is against good conscience and, under the circumstances, we make the following

### Order

And now, to wit, August 28, 1950, the preliminary objections filed in this case are dimissed, and the motion for judgment for want of a sufficient affidavit of defense is denied. Defendant's request that the lien filed by the Commonwealth to September term, 1947, no. 142, be stricken from the record, is refused.

It is directed that the case be listed for trial and the question for determination be limited to whether or not the lien above entered against the Market Street National Bank of Shamokin, Pennsylvania, has been paid.

136

Appropriate exceptions are noted for the Commonwealth of Pennsylvania and for the Market Street National Bank of Shamokin, Pennsylvania.