## Moore v. Bauer

*Samuel Dashiell*, for plaintiff.

*George J. Ivins*, for defendants.

STOUT, J., September 10, 1963.—The basic legal question presented is whether, under Pennsylvania law, the use of the original writ, capias ad respondendum, is proper procedure for collection of municipal taxes, and interest, penalties and fines thereon. The answer, in brief, as to taxes and interest, is no; as to penalties and fines, is yes.

The capias ad respondendum is an original writ of civil arrest. It is a writ of arrest before judgment.[1] It originated in early Roman law and has had a history

---

[1] Justice Maxey described it as having a twofold purpose: "(1) to notify the defendant to defend the suit, and (2), to procure his arrest until security for the plaintiff's claim is furnished: . . . Its operative effect goes much beyond that of an ordinary summons, the object of which is to bring the defendant into court and subject him to jurisdiction: . . . Consequently the issuance and operation of a capias has necessarily been the subject of careful and detailed statutory regulation": Null v. Staiger, 333 Pa. 370, 373, 374, 4 A. 2d 883, 885 (1939).

of long and varied use in Pennsylvania.[2] Its present use is circumscribed by Rule 1481 of Pennsylvania Rules of Civil Procedure which provides for civil arrest before judgment in only four actions. Fines and penalties are two of them. Capias ad respondendum has been used for their collection. See Application of Thompson, 157 F. Supp. 93 (1957), and Philadelphia v. Cline, 158 Pa. Superior Ct. 179 (1945).

The present case arose on the following facts:

---

[2] Civil arrest before judgment, in all types of actions, became a part of the common law of the colony of Pennsylvania. When William Penn assumed control over the colony, he limited the use of civil arrest before judgment to departing debtors who refused to give security for appearance or satisfaction.

By 1725, the practice reverted to beginning all contract and tort actions by civil arrest.

The basic legislative provision for capias ad respondendum was the Act of June 13, 1836, P. L. 568, sec. 3, which made it the duty of the prothonotary "in any personal action" to issue, as of course upon the application of the plaintiff, a writ of capias ad respondendum "instead of a writ of summons."

The Act of July 12, 1842, P. L. 339, sec. 1, 12 PS §257, limited the prior act, by prohibiting the ues of the capias ad respondendum to commence any contract action other than "proceedings as for contempt, to enforce civil remedies, actions for fines or penalties, or on promises to marry, or moneys collected by any public officer, or for any misconduct or neglect in office, or in any professional employment," . . . Except for four actions, the Act of July 12, 1842, was suspended October 1, 1954, by Rule 1481 of the Pennsylvania Rules of Civil Procedure.

Rule 1481 provides:

"Except in an action for fine and penalties, or upon a writ of ne exeat, or as punishment for contempt, a defendant may not be arrested before judgment in an action or proceeding at law or in equity."

Goodrich-Amram, Standard Pa. Pract., §§1481-1, 1481(a)-1, 1481(a)-4, 1481(a)-5, 1481(a)-6. See Schiavone v. DeMayo, 82 D. & C. 561 (1952) and Comment, Civil Arrest and Execution Against the Person—Comparison of New Jersey, New York and Pennsylvania Law, 3 Villanova L. Rev. 79 (1957), for excellent discussions of capias ad respondendum.

On August 13, 1963, S. M. Rosenfeld, Chief of Sanctions, Department of Collections, City of Philadelphia, addressed a letter to Cecil B. Moore in re:

"Mercantile Tax ................. $347.41
"Net Profit Tax ................. 683.26
"Wage Tax ..................... 180.06
"Gen. Bus. Tax ................. 132.48
"Exclusive of interest and penalty
"Mercantile Tax ................. 42.75
"Interest and Penalty only"

The letter advised the addressee that:

"The City is not limited to an ordinary suit at law to recover fines or penalties for violation of Title 19 of the Philadelphia Code. It may resort to the use of capias ad respondendum (civil arrest) against delinquent taxpayers.

"Therefore, unless payment in full, including interest and penalties, is made within 5 days from the receipt of this letter, we shall refer this matter to the Law Department with the request that capias ad respondendum proceedings be instituted against you immediately."

On August 16th, complainant filed a bill in equity setting forth the receipt of the letter of August 13th; alleging that on August 12th, he had appeared before Magistrate Harry C. Schwartz in Magistrate's Court No. 11, and had paid a fine of $100 for tax delinquency and that, therefore, no fines and penalties were then due. He alleged further that the capias ad respondendum had heretofore been used only against nonresidents of Philadelphia; that he was amenable to process at his office or home and was willing to accept service of any pleading to be filed; that the proposed capias ad respondendum was for the sole purpose of harrassment, and was a misuse of legal process. The complainant sought an order restraining temporarily and permanently the issuance of the capias ad respondendum.

The temporary restraining order was issued and on August 26, hearing was had thereon.

The Chief of Sanctions, S. M. Rosenfeld, testified at the hearing and submitted a schedule of 24 items of tax, totalling $1,339.13, interest and penalty, totalling $957.27, which are owed by petitioner, together with a schedule of proposed fines of $300 on each of 23 of the 24 tax delinquencies.[3] No fine was proposed on the net profits tax delinquency of 1955 as that was the tax on which complainant had paid the fine of $100 on August 12th. The Chief of Sanctions testified that some of the taxes had been reduced to judgment but that all efforts to collect the judgment had been unproductive.

Judicial notice of the records of the County Court of Philadelphia as of June term, 1962, no. 7216A, reveals that the judgment about which the Chief of Sanctions testified covered 21 of the 24 scheduled items of tax. The total amount of the judgment was $1,087.84, comprising net profits tax for the years 1955-60 in the amount of $592.76; mercantile license tax for the years 1955-61 in the amount of $324.84, and wage tax for 1955-61 in the amount of $170.24. Damages had been assessed in the amount of $1,856.90, amount of tax plus $769.06 interest and penalty.

Three of the 24 items of tax, the net profits and mercantile taxes for 1962, and the mercantile tax for 1963, have not been reduced to judgment.

In these circumstances, it is clear that:

1. Capias ad respondendum is not proper for the col-

---

[3] Title 19-508 of the Philadelphia Code provides, among other things that:

"In addition to any other sanction or remedial procedure provided, . . . any person who shall:

"(e) violate any provision of this Title . . . shall be subject to a fine of not more than $300 for each offense together with imprisonment for not more than 90 days if the fine and costs are not paid within 10 days."

lection of taxes and interest, whether or not reduced to judgment as there is no statutory authority therefor.

2. Capias ad respondendum is not proper for the collection of so much of the penalties as have been reduced to judgment. The capias ad respondendum is an original writ and not an ancillary one. Its use is for civil arrest before judgment, not afterwards.

3. Capias ad respondendum is proper for the collection of fines, and penalties which have not been reduced to judgment.

4. Capias ad respondendum is proper for the collection of fines even when the supporting tax claim, interest and penalties have been reduced to judgment.

It has long been the law that recovery in a civil judgment, even of a penalty, is no bar to subsequent criminal penalties for the same offense: People v. Stevens, 13 Wend. 341 (1835, N. Y.); In re Leszynsky, 15 Fed. Cas. 397, No. 8, 279 (S. D., N. Y. 1879); Commonwealth v. Diefenbacher, 14 Pa. Superior Ct. 264 (1900).

Complainant's allegation that the capias ad respondendum has heretofore been used only against nonresidents of Philadelphia is not well founded. It is true that in recent reported cases the defendants have been nonresidents. See Application of Thompson, supra, and Philadelphia v. Cline, supra. There is no such statutory limitation, however, and there is case authority to the contrary. See collection of cases in Schiavone v. De Mayo, supra. The Chief of Sanctions testified that the writ was used not infrequently in cases of Philadelphia residents. Moreover, under prior practice, it was the *special capias ad respondendum* which was used to arrest persons about to quit the Commonwealth without leaving sufficient property in the state to satisfy plaintiff's claim: Act of June 13, 1836, P. L. 568, sec. 24, 12 PS §231. Even this has been suspended by Pa.

R. C. P. 1481. Goodrich-Amram, Standard Pa. Pract. §1481(a)-1.

Complainant alleged, but presented no proof, that the proposed capias ad respondendum was for the sole purpose of harrassment. Even if such proof existed, equity would be powerless to enjoin multiplicitous and vexatious prosecutions in the absence of special circumstances not present here: 4 Wharton's Criminal Law and Procedure, §1497. Even though powerless to enjoin multiplicitous prosecutions, courts frown on successive prosecutions for fines when all could have been joined in one action. Such multiplicitous prosecution not only invites the charge of harrassment but is an uneconomical use of time and manpower. The philosophy of Commonwealth v. Turner Supply Company, 352 Pa. 288, 42 A. 2d 598 (1945), involving civil remedies for tax collection, might well be adopted for the collection of fines. There it was said:

"It is obvious that the consolidation of tax claims due to the Commonwealth in one writ of scire facias, when possible, prevents a multiplicity of suits, unnecessary expense, and other needless burdens and delays in the administration of justice. It is for this common sense reason such consolidations are favored by the law."

The temporary injunction is made permanent as to the issuance of a capias ad respondendum for taxes, interest and those penalties which have been reduced to judgment.

As to the fines and penalties incident to the 1962 mercantile and net profits taxes and the 1963 mercantile tax, the temporary injunction will be dissolved within 24 hours of the filing of this opinion unless payment of those taxes, interest and penalties is made in full by that time.

As to the fines incident to taxes which have been reduced to judgment, the temporary injunction will be

dissolved 10 days from the filing of this opinion unless by that time payment of the judgment has been made in full or a payment plan has been approved by the Department of Collections.