## ASSIGNED ESTATE OF H. C. BESHLER.

APPEAL BY JOSIAH YEAGER ET AL. FROM THE COURT OF
COMMON PLEAS OF DAUPHIN COUNTY.

Argued June 4, 1889—Decided June 28, 1889.

An agreement providing for an amicable action " to revive and continue
the lien of " three judgments, stating their numbers and term and ex-
pressly agreeing that " a judgment be forthwith entered thereon " and
said three judgments " be revived," is a sufficient authority to enter a
new judgment against the defendant signing the agreement, for the
total amount due on the three judgments, although one of them had
been entered against the defendant and another person.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, MCCOLLUM and MITCHELL, JJ.

No. 14 May Term 1889, Sup. Ct.; court below, No. 451
August Term 1886, C. P.

On April 16, 1888, J. D. Snyder, assignee for benefit of
creditors of Henry C. Beshler, filed his final account which
was duly confirmed on June 14, 1888, and on June 19, 1888,
*Mr. Elias Hollinger* was appointed auditor to make distribution
of the balance of $5,384.97 in the assignee's hands arising from
the sale of real estate.

Among the claimants appearing before the auditor was Jacob
Hartman who held a judgment No. 101 August Term 1886,
which was a revival of a judgment entered to No. 105 August
Term 1881.   The judgment last named, No. 105 August Term
1881, purported from the docket entries to be a consolidation
and revival of three judgments entered on May 20, 1876, to
August Term 1886, to wit: No. 223, Jacob Hartman v. Henry
C. Beshler; No. 224, Jacob Hartman v. Henry C. Beshler and
D. K. McClure; and No. 225, Jacob Hartman v. Henry C.
Beshler.

Josiah Yeager, Jacob Hoy and J. W. Dreibler, holding a
judgment which would be subsequent in lien to No. 105 August
Term 1881, if the latter were a valid revival of the judgments
it purported to revive, objected to the allowance of the latter
judgment out of the fund, contending:

1. That the paper filed to No. 105 August Term 1881, directed the prothonotary to enter three distinct and separate judgments of revival, and did not authorize him to consolidate the original judgments; that, as the prothonotary did not enter such amicable revivals, the judgments were not revived, and lost their lien, notwithstanding the fact that the prothonotary did something else for which he had no authority.

2. That the paper purporting to revive amicably the said judgments, did not correctly recite the original judgments, and more particularly No. 224 August Term 1876, and was not effective to continue their lien as against subsequent judgment creditors.

The auditor overruled the objections, allowed the Hartman judgment, and awarded to it the sum of $1,274.03 and costs.

Exceptions to the auditor's report, filed by Yeager, Hoy and Dreibler, were disposed of on October 22, 1888, by the following opinion, SIMONTON, P. J.:

The only question before us on the exceptions is whether the judgment entered in the amicable scire facias to No. 105 August Term 1881, was a revival of the judgments Nos. 223, 224 and 225 August Term 1876, such as to preserve the continuity of their lien. It was entered on the authority of a paper, which was signed by Jacob Hartman and H. C. Beshler, of which the following is a copy:

" JACOB HARTMAN
v.
" H. C. BESHLER.

In the Court of Common Pleas of Dauphin County.

" Amicable action to revive and continue the lien for the term of five years, of judgments Nos. 223, 224 and 225 August Term 1876. It is hereby agreed that the prothonotary of Dauphin county enter the above amicable action upon the records of the Court of Common Pleas of the county aforesaid, as of 223, 224 and 225 of the August Term, 1881, and that a judgment be forthwith entered thereon, in favor of the plaintiff above named, and against the defendant above named. And that the judgment aforesaid, Nos. 223, 224 and 225 of August Term A. D. 1876, be revived according to the act of assembly with costs, and to bear interest from April 1, 1881. Witness our hands and seals this 17th day of May, A. D. 1881."

Citing this agreement, and filing it in the case, the protho-notary entered a judgment in favor of Hartman against Besh-ler for the amount of the three judgments referred to therein by their number and term, with interest from the date agreed upon in the paper; thus consolidating the three into one. He also noted on the docket containing the entry of the consoli-dated judgment a reference to each of the three original judg-ments. It is not shown whether he made a like reference on the docket containing each of these to the consolidated judg-ment, nor what entry was made on the judgment docket. In the absence of proof we must assume that he did whatever it was his duty to do.

The agreement filed is so nearly identical with that in ques-tion in Fogelsville L. & B. Ass'n's App., 89 Pa. 293, that it seems probable that it was copied from it. [The judgment entered on that agreement was held to continue the lien of the original referred to therein. It is true that, so far as appears from the report of the case, the only point argued was whether the failure of the prothonotary to liquidate the amount of the judgment in the revival was fatal, but the effect of the decision was to declare that the judgment entered on the authority of the paper filed, preserved the continuity of the lien of the orig-inal judgment. We do not think, therefore, that we are at liberty to declare that the judgment entered in this case, on the authority of an agreement identical in its terms, had not the same effect.] [1]

Reed's App., 7 Pa. 65, decides that several judgments may be entered and their lien continued in one consolidated judg-ment. [But it is contended that the agreement filed did not authorize the prothonotary to consolidate. We think it did. It provides for an "amicable action," the purpose of which is stated to be "to revive and continue the lien" of the three judgments, giving their numbers and term, and it is expressly agreed "that a judgment be forthwith entered," and that the three judgments "be revived." This seems to be ample au-thority for the consolidation, and it is not vitiated by the mis-take in attempting to prescribe the numbers on the docket to which revivals might be entered.] [2]

[One of the original judgments was entered against H. C. Beshler and D. R. McClure, and the revived judgment was

confessed by Beshler alone. On like facts, the court said in Edwards's App., 66 Pa. 91, "that the judgment confessed was good against him and sufficient to continue the lien, and nobody else could complain and he does not. This is too clear for argument."] [3]

We are unable to sustain the exceptions, which are therefore overruled, and the report of the auditor is confirmed and distribution directed to be made accordingly.

Thereupon the exceptants took this appeal, assigning as error:

1-3. The parts of the opinion included in [ ] [1 to 3]

4, 5. The dismissal of their exceptions and confirmation of the auditor's report.

*Mr. Wm. B. Lamberton* (with him *Mr. John A. Herman*), for the appellants.

Counsel cited: Section 77, par. III., act of April 14, 1834, P. L. 355; Grenell v. Sharp, 4 Wh. 344; Duffy v. Houtz, 105 Pa. 96; Ramsey v. Linn, 2 R. 229; Dietrich's App., 107 Pa. 179; Arrison v. Commonwealth, 1 W. 380; Richter v. Cummings, 60 Pa. 441; Worman's App., 110 Pa. 25; Millard v. Greeve, 10 W. N. 222; Fogelsville L. & B. Ass'n's App., 89 Pa. 293.

*Mr. David Mumma* (with him *Mr. J. H. Shopp*), for the appellee.

Counsel cited Edwards's App., 66 Pa. 89.

PER CURIAM:

We affirm this decree upon the opinion of the learned judge of the court below.

> Decree affirmed and the appeal dismissed at the costs of the appellants.