Trestrail *v.* Johnson.

*J. B. Hannum, Jr.,* for motion.

*Charles P. Larkin, Jr.,* and *Kingsley Montgomery,* contra.

PER CURIAM, May 13, 1929:

This is a motion by above named defendant to quash plaintiff's appeal.

Thomas W. Allison, sheriff of Delaware County, deposited certain moneys in the Cambridge Trust Company; subsequently, Allison died and Christopher W. Trestrail was appointed administrator c. t. a. of his estate. Trestrail (plaintiff in the present interpleader proceeding) brought an action against the trust company to recover the deposits of his decedent. This suit was docketed in the court below as No. 591, June Term, 1926. Johnson (defendant in the present interpleader proceeding), having been elected sheriff, also sued the trust company, to recover the same funds, one month

after the Trestrail action. This suit was docketed as No. 1403, June Term, 1926. The depository paid the money into court, and, on May 27, 1927, by direction of the court below, an issue was framed between the two claimants to determine their respective rights; it being ordered that "Christopher W. Trestrail, adm. c. t. a. of the estate of Thomas W. Allison, dec'd., shall be plaintiff and Isaac W. Johnson, sheriff of Del. Co. shall be defendant." The entry in No. 591 being, as just quoted; in No. 1403, the entry is, "May 27, 1927, For decree framing issue see 591 June T., 1926." The issue was tried by a judge without a jury, who found in favor of defendant, and, on November 2, 1928, filed an order as follows: "The exceptions to the findings......and order of the trial judge are overruled, and the prothonotary is directed to enter judgment in favor of the defendant and against the plaintiff for the amount of money paid into court by the Cambridge Trust Company." This final order, in slightly abbreviated form, was entered on the record of No. 1403, but not in No. 591, though an order nisi, to the same effect, had previously been entered on each record, under date of April 28, 1928. Subsequent entries on the docket of each case also make reference to this order of November 2, 1928, and to the fact that on February 25, 1929, petitions were filed by Trestrail, the present plaintiff, to set aside the order in question and to open what purported to be a judgment pursuant thereto, entered the same day. This petition was refused, the court below, in its order to that effect, saying: "The term at which the final order of court [order of November 2, 1928] was handed down expired some time prior to the presentation of the pending petitions, and the court is satisfied that it has, therefore, no power in the premises. If, as contended......, no final judgment has been entered, it would necessarily follow that the time for appeal has not yet expired, and the petitioners [would] not be prejudiced. If, as contended on the other side, the entry admittedly made by the pro-

thonotary constituted a final judgment, the power of the court to relieve the losing parties is at an end." The point thus raised, but not answered by the court below, as to whether a final judgment had been entered on the interpleader issue, is before us for decision on this motion to quash.

The order of November 2, 1928, directing the prothonotary of the court below to enter a judgment, was not in itself a final judgment. As recently said by us in Watkins v. Neff, 287 Pa. 202, 204, "The order......does not enter a judgment; it simply directs that the judgment is ordered to be entered, evidently intending that the prothonotary........should enter the formal judgment." See also Liebfried v. Horn, 294 Pa. 137. The entry of like date, made "by the prothonotary," which the above quoted order of February 25, 1929, refers to as constituting a final judgment, is not noted in the appearance docket of either 591 or 1403, but appears in both the "judgment scratcher" and in the "judgment index" of the court below as follows:

| "Defendants<br>Trestrail, Christopher W.<br>Adm. Allison, Thomas W. dec'd. | Plaintiffs<br>Isaac W. Johnson<br>Sheriff | Term<br>J'26 | No.<br>1403 | Instru-<br>ment<br>Asspt. | Date<br>11-2-28 | Amount<br>Judgt." |
|---|---|---|---|---|---|---|

The entry just quoted was made only in No. 1403, the suit brought against the trust company by the present defendant, Johnson; it was not made in and contains no reference to No. 591, the suit brought against the trust company by the present plaintiff, Trestrail. The docket entries in 1403 also show, by the judgment scratcher and judgment index, a second entry, precisely like the one last quoted, except that the date is "3-13-29," instead of "11-2-28." These entries, of March 13, 1929, also appear in No. 591, and the fact of judgment entered on that day is noted in the appearance docket on the record of both suits. The petition to quash avers, and the answer does not deny, that all the entries of March 13, 1929, were the result of a "præcipe for judgment," filed by Trestrail, the plaintiff, in the interpleader proceed-

ing. Of course, if the entry of November 2, 1928, showed a properly enrolled judgment, as contended by appellee, the time for appeal could not be extended by noting a second judgment of the same kind in March, 1929; but appellant contends that no judgment was properly put of record till March, 1929, and therefore the appeal was taken in due season. Under the circumstances, all parties concerned will be convenienced by deciding, on this motion to quash, the technical validity of the respective judgment entries, rather than by entertaining the appeal and passing on that question when the case comes up for argument in regular order; and every fact necessary to that end being before us, we shall determine the question now.

The third section of the Act of June 11, 1879, P. L. 134, provides for an appearance docket "in addition to the judgment......docket," to be kept for "all suits brought and appeals," and for the entry of judgments therein; further, that, when judgments are "copied into" other dockets, such entries shall contain "the names of the parties, form of action, amount......, whether obtained by verdict or otherwise, and [the] term and number in said first [or appearance] docket."

Counsel who represents the present motion to quash states that "the prothonotary, in recording judgments in Delaware County, enters them in the appearance docket, where the institution of suit appears, and in the judgment scratcher and judgment index." We assume that this is done in accord with the Act of 1879, which provides, in effect, that judgments must be entered on the appearance docket before being placed in the judgment scratcher and index. In this case, the sole judgment recorded in the appearance docket is the one entered in March, 1929, the alleged judgment of November, 1928, being noted only in the judgment scratcher and index. Not alone the Act of 1879, but the earlier Act of April 3, 1843, P. L. 127, recognizes that judgments must be "properly entered upon the appearance docket" be-

fore they are "transcribed" in the judgment docket or index; and likewise the special act for Delaware County (section 11, Act of March 23, 1853, P. L. 708) recognizes that judgments must ordinarily be first entered in the appearance docket, by providing that certain kinds of judgments (not including, however, those of the character here involved), "may be entered at once in the judgment docket and need not be entered in any other docket." Here, as already recited, the judgment entry of November, 1928, was not made in the appearance docket or elsewhere on the record; it is noted only on the "judgment scratcher" and "judgment index." This does not fulfill the requirements of the law, and cannot be accepted as constituting a judgment from which an appeal will be entertained: see American Trust Co. v. Kaufman, 279 Pa. 230, 233-4. In Watkins v. Neff, supra (at page 204), we said, "Too many rights may be affected by judgments" to allow "any loose method of procedure" in entering them; and we added (at page 205) : "The mere fact of listing an order as a judgment upon the index cannot turn that which is not a judgment into a judgment" for purposes of appeal. The principles there stated rule here.

Much of the confusion in which the matter before us is involved grows out of the fact that, instead of entering the interpleader proceeding in the appearance docket on one record only (preferably that of the first suit instituted against the trust company, No. 591) and simply noting this fact in the record of the other original suit (as the second paragraph of this opinion shows was done so far as the formulation of the issue is concerned), confining all subsequent interpleader entries to the record of the first suit, the prothonotary of the court below appears to have attempted to note the various interpleader steps on the record of both original cases. The fact that, in so doing, the prothonotary made a judgment entry on November 2, 1928, in No. 1403, and not in No. 591, would not invalidate such entry had it been a properly enrolled

judgment, even if appellant, as stated in his answer to the motion to quash, had no notice thereof, because he, having been made a party to the interpleader proceedings and having formally engaged in the trial of that issue, was in court for all purposes and obliged to watch the record, whether kept under No. 591 or No. 1403, or both, for such entries affecting him as might be made therein; but, as already decided, the so-called judgment of November 2, 1928, never having been entered in the appearance docket, is not properly sustained by the record.

While the court below was quite right in its thought that, after the expiration of the term at which a contested judgment is entered, it cannot be disturbed except on appeal (King v. Brooks, 72 Pa. 363; Abeles v. Powell, 6 Pa. Superior Ct. 123, 126), yet this rule does not control a case like the present, where the court did not directly enter judgment and the prothonotary's entries of what purports to be a judgment fail to meet the requirements of law. The judgment of March, 1929, is the only sustainable one on this record, and the appeal was in due time thereafter.

We may add that, according to information furnished by counsel on both ends of this case, the practice prevails in Delaware County of designating, in the judgment scratcher and judgment index, the party against whom the judgment is entered as defendant and his opponent as plaintiff, "regardless of whether they be plaintiff or defendant in the suit and in the appearance docket." A like practice has prevailed for more than half a century in Philadelphia County.

The Act of June 11, 1879, P. L. 134, "relating to judgment dockets," provides that an ad sectam index may be kept and that such indexing shall be as "good and valid" as though the judgments had been "properly entered in a judgment docket with two indexes," provided the "docket shall set forth the names of parties, date of entry, number and term of case, and, where......for a

sum certain, the amount of the judgment." As already stated, the only entry of the so-called judgment of November 2, 1928, is in the judgment scratcher and index; there Trestrail, the plaintiff in the interpleader issue, is designated as defendant, evidently with the idea of carrying out an ad sectam form of index. In such an index, however, it is not necessary to designate the parties as plaintiff or defendant, but when that course is pursued in a case like the present, where no judgment entry was made in the appearance docket and where the order for judgment expressly directs that the judgment shall be entered for "the defendant," not for a person specified by name, the designation of position used in the entry of the judgment would have to coincide with the order; otherwise the only entry of judgment on the record would, prima facie, be inconsistent with the order on which it would depend for support. It is entirely unobjectionable to put the name of the party against whom the judgment was entered in a first column of the index and that of the party in whose favor it went in a second column, but when, in so doing, one is arbitrarily designated as plaintiff, who as a matter of fact is not plaintiff, and another is scheduled as defendant, who in point of fact is plaintiff, and this constitutes the sole entry of judgment, the record cannot be regarded as self-sustaining. When, however, the judgment itself is properly entered in the appearance docket, where it can be seen on examination, and the transposition and designation just described occurs in the index, such indexing will not interfere with the validity of the judgment, especially where, as in the present case, the indexing is part of a system understood in the particular county in which it occurs; but as no statute which we have been able to find provides that the judgment scratcher and judgment index shall state in them which of the parties there named is "plaintiff" and which is "defendant,"— only that "the names of the parties," etc., shall therein appear,—it would be better if those words were not used

58

in such books. The statutory purpose is that the name of the party against whom the judgment is entered shall be placed in the index alphabetically and chronologically; to avoid misunderstandings, such as this record is susceptible of, it would be wise not to go beyond that.

As already stated, our conclusion is that the scratcher entry and indexing of November 2, 1928, do not in themselves constitute a self-sustaining judgment; therefore the judgment of March 13, 1929, which was entered in the appearance docket, scratcher and index, is the only proper judgment in the case. The present appeal having been taken within the required time after the last mentioned date,

The motion to quash is refused.