## Second National Bank, for use, Appellant, v. Faber et al.

Argued October 3, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Robert A. Henderson,* with him *William G. Sitnek,* for appellant.

*R. J. Puderbaugh,* for appellee.

OPINION BY MR. JUSTICE MAXEY, December 5, 1938:

The question here presented is whether a judgment reviving a judgment which had originally been duly entered against *four* defendants but which had been revived by amicable scire facias against only *two* of them, can be stricken from the record upon the petition of one of these two defendants.

The Altoona Packing Company, a corporation, borrowed $10,000 from the Second National Bank of Altoona, Pa., on December 7, 1925. As security for this loan a note was executed and signed by H. F. Faber, Treasurer of the corporation, as maker, and endorsed by H. F. Faber, H. F. Miller, J. A. Farabaugh and Barth Young. On March 6, 1926, the loan was renewed and a note, containing a confession of judgment clause in case of default, was given as security and signed by all four of the aforementioned persons, as makers. The original obligation was renewed at various times until February 23, 1931, when it was renewed for $8,900. The Second National Bank became insolvent and, on April 16, 1931, a receiver was appointed for the bank. Prior to the closing of the bank, this note, together with other notes, was given to the Federal Reserve Bank of Philadelphia, as collateral security for a loan made by it to the Second National Bank.

The Federal Reserve Bank caused judgment to be entered on May 29, 1931, against the four makers of the note. On May 25, 1936, the defendants herein, H. F. Faber and H. F. Miller, signed an amicable revival and continuance of the judgment. This was assigned by the Federal Reserve Bank to the Second National Bank and judgment was entered in the latter's favor against Faber and Miller, in the sum of $8,329.15 together with interest from May 24, 1931, and costs. A writ of fieri facias was thereupon issued on December 10, 1937, for $7,-454.15, plus interest of $3,064.42 and attorney's commissions of $745.42. Certain payments were made on the principal debt and interest from the time of the revival of the judgment until the issuance of the fieri facias.

H. F. Miller presented a petition to strike the judgment from the record, in which he set forth, inter alia, that since plaintiff as receiver discontinued his action against Farabaugh and Young, two of the makers of the note, this acted as a discontinuance by plaintiff of his action against him (Miller) and that the amicable revival of the judgment is therefore void. A rule was granted to show cause why both of the aforementioned judgments should not be stricken from the record and all proceedings under the fiere facias be stayed until further order of the court. Plaintiff in his answer denied that there was a discontinuance of the original judgment against Farabaugh and Young and averred that both of these men "do not live in Blair County and have no real estate in said county, and that the revival of the original judgment would have been useless to hold any land in Blair County belonging to" them, and that the revival of the judgment by amicable scire facias against Faber and Miller "was regular and in accordance with law." Plaintiff in his answer to H. F. Faber's petition to stay execution, said, inter alia, that the amicable revival and continuance of the judgment "was not signed

by J. A. Farabaugh and Barth Young on account of their insolvency."

The court below in its opinion said: "To say now that the two defendants who were not joined, are and were insolvent when judgment was taken against H. F. Faber and H. F. Miller, does not cure the situation. . . . We are of the opinion that the plaintiff having failed to revive the above judgment by proper scire facias against all the defendants, the proceedings on said scire facias were erroneous, and it cannot now proceed against the two defendants who signed the amicable scire facias on the execution issued against them." The court below ordered the judgment to be stricken from the record and perpetually stayed the fieri facias issued on it. This appeal followed.

The conclusion reached by the learned court below in its able and exhaustive opinion must be sustained. As is succinctly set forth in 34 C. J., p. 684, sec. 1055, and supported by many citations: "Under the practice in Pennsylvania an amicable scire facias to revive a judgment is a written agreement, signed by the judgment debtor or person to be bound by the revival, in the nature of a writ of scire facias with a confession of judgment thereon, which must be duly docketed, but which requires no judicial action on the part of the court, and which, when duly made and entered, has all the force and effect of a judgment rendered upon an adverse or contested writ of scire facias, although it may be opened, for cause shown, to let defendant in to a defense. Several judgments against the same person, owned by the same creditor, may be consolidated and revived in one amicable action of scire facias." Section 1056: ". . . The revival of a judgment by regular proceedings reinvests it with all the effect and conditions which originally belonged to it, and which have been wholly or partly suspended by lapse of time, change of parties, or other cause. . . ."

The presumption in the instant case is that the two defendants who authorized the prothonotary to enter an amicable scire facias upon the judgment recited in the authorization, did not intend that they alone should be bound by the revival; the implication is that they expected the other two defendants to join in the authorization. It is obvious that the agreement to revive the judgment was drawn as though it was intended that all the defendants would sign it. Since all did *not* sign it, the uncompleted paper was a nullity and the revival based on it cannot be sustained.

Appellant relies on the cases of *Assigned Estate of H. C. Beshler,* 129 Pa. 268, 18 A. 137, and *Edwards's Appeal,* 66 Pa. 89. Since the decision in the first named case was based on the decision in the last named case and since the latter decision was based on the fact that the defendant against whom the judgment against him and another was revived by amicable scire facias against him alone, *did not complain,* the judgment was held to be good "and sufficient to continue the lien," those cases so cited by appellant are inapposite here. In the *Edwards's Case,* the fact that the judgment debtor did not object, supports the inference that he agreed to the revival as against him. Fewer than all the debtors in a judgment *may* agree by a clear and unambiguous paper to the extension of the lien of the judgment on the property of those consenting. If a judgment is not revived in time, its *lien* is lost, but as a judgment it remains and on it an execution may issue. See Act of May 19, 1887, P. L. 132, 12 P. S., sec. 2094, and *Croskey v. Croskey,* 306 Pa. 423, 160 A. 103.

The judgment is affirmed.