## Commonwealth ex rel. Cohen v. Roberts

*Leonard M. Mendelson,* for relator.

*Wolken & Landy* and *Ralph H. Smith, Jr.,* for respondent.

SOFFEL, J., December 12, 1956.—The Commonwealth of Pennsylvania, acting through Herbert B. Cohen, Attorney General, as relator, instituted suit in mandamus to compel David B. Roberts, prothonotary of the Court of Common Pleas of Allegheny County, to file, docket, issue and index a writ of

amicable scire facias sur judgment and to enter thereon the sheriff's return on payment of a fee of $2.25.

Defendant has moved for judgment on the pleadings alleging:

First: The court lacks jurisdiction because (a) the prayer of the petitioner requests a series of acts, (b) a necessary party was not joined and (c) there is an adequate remedy at law and; second: The proper fee for the services requested is $5.25.

These are the essential facts:

1. On May 23, 1956, Robert S. Stewart, Jr., a duly authorized employe of the Department of Public Assistance of the Commonwealth of Pennsylvania, tendered to one of the employes working in the office of the prothonotary of the Court of Common Pleas of Allegheny County, an amicable scire facias sur judgment wherein the Commonwealth of Pennsylvania, Department of Public Assistance, was plaintiff, and Jacob Brown and Viola Brown were defendants. The amicable scire facias sur judgment was based upon a judgment in the amount of $2,000 entered in favor of the Commonwealth of Pennsylvania, Department of Public Assistance, against Jacob Brown and Viola Brown at no. 3677, July term, 1951.

2. With the said writ, there was tendered a fee of $2.25.

3. The clerk working in the office of the prothonotary refused to accept said writ with the fee tendered, and demanded a fee of $5.25. However, the clerk stated that he would accept the writ if a tender of $5.25 were made.

4. On May 23, 1956, the Commonwealth of Pennsylvania on relation of Herbert B. Cohen, Attorney General of the Commonwealth of Pennsylvania, filed a complaint in mandamus at the above number and term against the above named defendant, David B. Roberts,

prothonotary of Allegheny County Common Pleas Court.

5. David B. Roberts, prothonotary of the Allegheny County Court of Common Pleas, was duly served by the sheriff of Allegheny County on May 25, 1956.

6. On May 28, 1956, the following stipulation and order was entered:

"During the pendency of the within litigation, defendant shall accept for filing, docketing, issuing, indexing and entering Sheriff's return, any scire facias sur judgment tendered to him by the Department of Public Assistance, Commonwealth of Pennsylvania, upon payment of the sum of $2.25; provided, however, that in the event the within litigation terminates in a judicial adjudication, that defendant is entitled to receive a greater sum for said services, the Department of Public Assistance, Commonwealth of Pennsylvania shall pay unto defendant such additional amount with respect to each scire facias filed between the date hereof and the date of the termination of the litigation."

7. On June 13, 1956, defendant filed an answer to complaint setting forth new matter.

8. On June 25, 1956, plaintiff filed its reply to defendant's new matter.

9. By stipulation, the said amicable scire facias sur judgment was filed in the office of the prothonotary of Allegheny County on June 26, 1956, at no. 3386, July term, 1956.

10. Plaintiff has requested the court to enter a decree against defendant:

"Commanding defendant to accept for filing, docketing, issuing, indexing and entering Sheriff's return the aforesaid scire facias sur judgment tendered by the Commonwealth of Pennsylvania, Department of Public Assistance, and to accept for filing, docketing, issuing, indexing and entering Sheriff's return any other scire facias sur judgment subsequently tendered

to him upon being tendered the sum of $2.25, and to impose upon defendant, the costs of this action."

11. Defendant has filed an answer requesting the court to: "Dismiss plaintiff's prayer for Mandamus, at the cost of the plaintiff."

12. Attached to the pleadings and made part hereof are true and correct photostats of the said scire facias sur judgment.

In discussing this case, we shall consider first the question of jurisdiction and second what is the proper fee for the services requested.

First: Does the court have jurisdiction?

The first point relied upon by defendant is that an action of mandamus will not lie because plaintiff prays that the prothonotary be compelled to perform a series of acts. In order to sustain this position, an impressive array of authorities has been cited, including Dorris v. Lloyd (No. 1), 375 Pa. 474, 479, 100 A.2d 924, 927 (1953), where the court said:

". . . That mandamus will not lie to compel the pursuance of a general course of official conduct and the performance of continuous duties has been generally held".

We agree this is law but question its application to the instant case. Plaintiff here requests the prothonotary to accept, file, docket, issue, index and enter the sheriff's return on one specific writ of scire facias sur judgment, which the prothonotary has refused to do for the fee tendered. The additional relief prayed for, to wit, "to accept any other scire facias sur judgment subsequently tendered", if not within the power of the court, can be stricken as surplusage. We are of the opinion that this is no ground for judgment on the pleadings.

Defendant's second point is that Allegheny County is an indispensable party defendant, the nonjoinder of which justifies judgment on the pleadings in favor

of defendant. Even if the county is an indispensable party as laboriously argued by defendant, the non-joinder is not necessarily ground for judgment. As stated in 2 Anderson's Pa. Civ. Pract. 356 (1950):

"The defect of non-joinder of a party may be cured in a proper case either by the intervention of the missing party or by his joinder by order of the court, assuming that jurisdiction can be obtained over him."

Counsel for plaintiff notified the solicitor's office of Allegheny County of defendant's contention that the county is a necessary party to this action and was informed by the county that it had no interest in this case. If it should be found later that Allegheny County is a necessary party, the court may make an order of joinder at the time of trial and the county may then appear and note formally on the record that it has no interest in this case.

The third point pressed by defendant is that plaintiff has an adequate remedy at law which bars this action in mandamus. With this contention, we do not agree.

An action of mandamus lies to compel the prothonotary to file, docket, issue, index and enter sheriff's return on an amicable scire facias sur judgment.

Mandamus is a high prerogative writ to be granted in extraordinary cases where otherwise there would be failure of justice.

"Mandamus may be defined as a command issuing from a court of law of competent jurisdiction, in the name of the state or sovereign, directed to some inferior court, officer, corporation, or person, requiring the performance of a particular duty therein specified, which duty results from the official station of the party to whom it is directed or from operation of law.

"A proceeding to obtain a writ of mandamus will be sustained only when certain well-defined conditions

exist. The essential elements of the action may be broadly classified as three: (1) The existence of a right in the plaintiff or relator; (2) The existence of a legal duty on the part of the respondent or defendant to do the thing which the relator seeks to compel; (3) The absence of another remedy at law": 11 Standard Pa. Practice 150, 151, §§2, 3.

Defendant argues that the prothonotary has discretion to determine the fees to be charged in the services he renders. This is basically not true. The fees he may charge are determined by the legislature. Any question of construction must be resolved by the courts, not by the prothonotary nor the parties. The prothonotary must accept papers and file them. He must also collect fees fixed by the legislature. He has no discretion in this matter nor does he act in a judicial capacity. The instant case is to be distinguished from those where the prothonotary must decide what is and is not taxable as costs to be recovered by a successful litigant. There is no procedure at law for an appeal from a prothonotary's refusal to accept and file a legal paper. Mandamus and not an action at law is the proper remedy to secure the relief which is here sought. All the conditions essential to obtaining a writ of mandamus exist, to wit, (1) the right in the relator, (2) the existence of a legal duty on the part of the respondent, (3) the absence of an adequate remedy at law.

It is our considered judgment that this court does have jurisdiction of the instant case.

We shall now consider defendant's contention that the proper fee for the services requested is $5.25. This leads us to consider the second question.

Second: What is the proper fee for the services of the prothonotary in the instant case?

Is it $2.25 as contended by plaintiff or $5.25 as contended by defendant, or is it another sum? The solu-

tion of this problem requires technical consideration of the services which the prothonotary was here asked to perform, and the fees allowed for such services either by the fee bill, or other statutory authority.

The fee to which defendant is legally entitled for filing, docketing, issuing, indexing and entering sheriff's returns to an amicable scire facias sur judgment is $2.25.

The parties are in agreement that the fees to be received by the prothonotary of this court are fixed by the Act of February 17, 1956, P. L. (1955) 1049, 17 PS §1574, which provides, inter alia, as follows:

"SCIRE FACIAS.

"Sur mortgage, filing, docketing, issuing writ, certificate to recorder, entering on scire facias, and entering sheriff's return, three dollars and seventy-five cents.

"Alias writ, two dollars.

"All other writs of scire facias and alias writs, filing, docketing, issuing, indexing, and entering sheriff's return, two dollars and twenty-five cents."

A scire facias sur judgment is admittedly encompassed within the phrase "all other writs of scire facias." While no specific statutory reference is made to amicable scire facias, this too must be deemed included within the same all-embracing term. See Second National Bank of Altoona v. Faber, 332 Pa. 124, 2 A. 2d 747 (1938). So much defendant concedes by virtue of his claim to $2.25 for filing, docketing, issuing, indexing and entering sheriff's return to the amicable scire facias tendered in this case.

In Constables' Bond, 16 Pa. C.C. 93 (Q. S., Bucks County, 1895), the court declared:

"At common law no costs were allowed for services, hence the right to charge and receive costs depends exclusively upon statute, and whoever demands pay-

ment must point to some enactment allowing him to make the charge."

In similar vein, 14 C. J. S., Clerks of Courts, §10, p. 1225, states:

"Statutes authorizing the clerks to collect fees for his services are strictly construed and will not be extended beyond their letter; and more especially is this true in the case of special statutory enactments. A general provision covering services not especially provided for will not embrace services for the state or a county, unless they are expressly named in the statute or necessarily implied from the language thereof;"

Thus the dispute narrows to whether the prothonotary is entitled to an additional $3 for docketing an amicable scire facias or as alleged in new matter an additional $6.25 or as argued by defendant in his brief additional fees for indexing in the ad sectum judgment index and filing in the Commonwealth judgment docket.

A. Defendant is not entitled to an additional $3 for docketing an amicable scire facias.

In his letter of March 12, 1956, to Joseph L. Cohen, Deputy Attorney General (Ex. A, attached to the complaint), defendant asserted:

". . . I think that you will find that a reading of the pertinent act will show that the filing fee for amicable scire facias is $2.25 and to this must be added a $3.00 docket fee, as is collected in all other proceedings filed in this office. The $3.00 fee charged is as much a part of our Fee Bill as is the $2.25, and under the circumstances, I respectfully point out to you that no matter what the situation in the past has been, the fee now totals $5.25.

"Prior to the passage of the 1956 Act, we were charging $1.25, but were not collecting the $3.00 docket fee. This error came to my attention for the first time

when the new Act was signed by the Governor and I feel that my position is a perfectly sound legal one.

"While of course, I appreciate your position and the possible difficulties that you are now encountering, I feel that I cannot accept any further scire facias without the proper fee of $5.25 being tendered therewith . . ."

Despite the forcefulness with which he advanced his contention, reiterated in his letter of March 16, 1956 (Ex. C, attached to the complaint), defendant appears now to have abandoned any claim to a separate $3 docket fee. Since the statute expressly includes "docketing" within the services to be performed for $2.25, it is impossible to perceive upon what theory the additional charge could be justified.

B. Defendant is not entitled to $4 for all other entries subsequent to sheriff's return and prior to entry of judgment.

In paragraph 17 of his new matter, defendant lays claim to $4 for all other entries subsequent to sheriff's return and prior to the entry of judgment. Such fee is allowed in certain actions, such as assumpsit and trespass, but not in others, such as mandamus and quo warranto. Since the legislature did not provide therefor with respect to scire facias, it would seem clear that no such fee was intended. In any event, as there would ordinarily be, in the case of an amicable scire facias, no entry required of the prothonotary "subsequent to sheriff's return and prior to the entry of judgment", it is impossible to conceive upon what basis defendant could legally demand such fee upon the filing of the instrument.

C. Defendant is not entitled to 25c for each name of defendant in excess of one.

In paragraph 17 of his new matter, defendant claims 25¢ for "every additional name of defendant in excess of one." This claim is apparently founded upon the

supposed analogy of scire facias to assumpsit and trespass actions, and the assumed applicability of the following general provisions of the fee bill:

"The fees for services not herein specially provided for shall be the same as for similar services.*

"The Prothonotary shall not be required to enter or docket any suit or action or order of court, or enter any judgment thereon, or perform any services whatsoever, until the requisite fee is paid."

The statute specifically authorizes a fee of 25¢ for indexing each name in excess of one in assumpsit and trespass cases, as well as for municipal claims and tax liens (including suggestions and averments of unpaid tax or municipal claims). With respect to equity and partition proceedings, the fee is even more generous, 25¢ being allowed for each name indexed, including the first. On the other hand, for actions of ejectment, mandamus, quo warranto and replevin, as well as for confession of judgment, mechanics' lien, satisfaction of mortgage, scire facias and verdict, the legislature saw fit to allow no additional compensation, irrespective of the number of names indexed. How then can defendant rely upon the law applicable to assumpsit and trespass actions?

The principal fallacy of defendant's argument lies in the fact that the fee bill *does* provide for indexing of the scire facias as one of the services to be rendered for the initial filing fee of $2.25. The catch-all clause is obviously intended to provide only for services which are entirely omitted from the act. Since indexing of scire facias is a service "specially provided for", the catch-all clause does not apply.

In George v. Wyoming County, 27 Dist. R. 308, 46 Pa. C. C. 56 (1917), it was held that, where the fee bill fixed $1 as the fee for the filing of general election re-

---

* This provision is hereinafter referred to as the catch-all clause.

turns, without specific allowance of any fee based on the number of names, the prothonotary was not entitled to collect 25¢ per name.

D. Defendant is not entitled to $2 for entry of judgment.

In paragraph 17 of his new matter, defendant claims $2 for entry of judgment, apparently in reliance upon the catch-all clause and the allowance of such fee in assumpsit and trespass actions.

While it is true that a fee of $2 is allowed for entry of judgment in assumpsit and trespass cases, it is equally true that in ejectment and partition actions, the fee for such service is only $1, and in mandamus and quo warranto, no separate fee whatsoever is allowed for entering the judgment.

That the legislature regarded the entering of judgment upon an amicable scire facias as an integral part of docketing and indexing, for which no separate fee was to be charged, is evident from the manner in which it treated confessed judgments.

## "JUDGMENTS.

"Docketing and indexing confessed judgments, two dollars and seventy-five cents.

"Entering satisfaction thereon, seventy-five cents."

The entry of judgment is as much a part of a confessed judgment as an amicable scire facias sur judgment; yet the act, in the case of confessed judgments, allows no separate fee therefor. The prothonotary's entire compensation in connection with confessed judgment is included within the words, "docketing" and "indexing". As these same words appear in the scire facias section as part of the services for which the filing fee of $2.25 is to be paid, it is apparent that for all services necessarily incident to the filing, docketing and indexing of an amicable scire facias, and entering the sheriff's return thereon, the prothonotary is entitled to receive $2.25.

E. The prothonotary is not entitled to additional fees for indexing in the "ad sectum judgment index" and filing in the "Commonwealth Judgment Docket".

In his brief, defendant for the first time asserted a claim for two separate fees, 25¢ for indexing the name of plaintiff in the ad sectum judgment index and 25¢ for filing the case in the Commonwealth judgment docket.

The claim for indexing in the ad sectum judgment index is based upon the Act of July 17, 1953, P. L. 472, secs. 1, 2, 17 PS §§1931.1, 1931.2, which reads as follows:

"Ad sectum judgment index.

"The prothonotaries of the several courts of common pleas *may, with the approval of the county commissioners,* keep a separate index to be known as the ad sectum judgment index, in which shall be entered in alphabetical order the names of all persons in whose favor any judgment or judgments shall have been entered or to whom any judgment or judgments previously entered have been assigned of record.

"Fees for indexing judgment or assignment in ad sectum index.

"The prothonotaries are hereby authorized to collect as part of the costs, for entering any judgment or assignment thereof, a fee of twenty-five cents for indexing said judgment or assignments in the ad sectum judgment index, in addition to any fees which they are now authorized by law to collect." (Italics supplied.)

This act is permissive and conditional in nature. It is permissive since by its terms the prothonotary *"may"* keep. It is conditional since the prothonotary "may, *with the approval of the county commissioners keep".*

Before this court could declare the prothonotary is entitled to a fee by authority of this act there would

have to be some evidence that its conditions were fulfilled.

This case is before the court on defendant's motion for judgment on the pleadings. Nowhere in the pleadings does defendant assert a claim for a fee for indexing in an ad sectum judgment index, or allege that such an index is kept either with or without the required consent of the county commissioners. Even if such an index is properly kept and even if it had been properly pleaded, it is clear that the new fee bill as amended, February 17, 1956, P. L. (1955) 1049, sec. 1, 17 PS §1574, is intended to be complete as to all fees for services expressly enumerated and it is intended to be exclusive.

The prothonotary's claim for 25¢ for filing in the Commonwealth judgment docket, also asserted for the first time in defendant's brief, is based upon the Act of June 26, 1895, P. L. 315, secs. 1, 2, 12 PS §§1282, 1283. This act by its express terms applies only to the "courts of the county in which the seat of government may at any time be situated", i.e., Dauphin County. This claim seems to us to be without merit.

Motion ex parte defendant for judgment on the pleadings and to dismiss the instant action will, therefore, be refused.

There being no dispute as to the facts, judgment will be entered for plaintiff in accord with rule 1034(b) of the Pennsylvania Rules of Civil Procedure.

### Order

And now, to wit, December 12, 1956, motion ex parte defendant for judgment on the pleadings is refused and David B. Roberts, prothonotary of Allegheny County, is directed to file, docket, issue and index the writ of amicable scire facias sur judgment tendered him by the Attorney General of the Commonweatlh of Pennsylvania on payment of a fee of $2.25.

Eo die exception noted and bill sealed.