In re FOOD CENTERS, INC., Debtor.

FOOD CENTERS, INC., Plaintiff,

v.

HAMILTON BANK, McCullough, Schultze & Speicher, Filmex Incorporated, Snack World, Inc., Berkshire News, Inc., Reco Petroleum, Inc., WHB, Inc. t/a Harrison Bros., Bob White Quality Frosted Foods Corp., Keebler Co., Joseph Todisco, Standard Electric Services Corp., Hershey Creamery Co., Dannon Company, Inc., Bachman Co., Pennsylvania Department of Labor & Industry, Berks County Tax Claim Bureau, City of Reading, Pa, Swift Independent Packing Co., Internal Revenue Service, Defendants.

Bankruptcy No. 82–05151T.
Adv. No. 86–0697T.

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 7, 1986.

David S. Sobotak, Reading, Pa., for debtor.

David C. Schattenstein, Allentown, Pa., for defendant, Swift Independent Packing Co.

## MEMORANDUM OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

The sole issue before the Court in this matter is a narrow matter of first impression—and conceivably of last impression—in interpretation of an obscure Pennsylvania statute, now codified at 42 Pa.C.S.A. § 4305(b). The issue is whether a judgment rendered by the United States District Court for the Eastern District of Pennsylvania while it is sitting in Reading, Berks County, Pennsylvania, is a judgment "rendered by such United States court within the county" of Berks. We hold that it is, and that a judgment rendered by the District Court sitting in Reading is a valid judgment lien against Berks County realty of the Debtor.

The issue arose out of the following factual circumstances. On or about May 22, 1981, Swift Independent Packing Company (hereinafter "Swift") filed a civil action in the United States District Court for the Eastern District of Pennsylvania, docketed in Philadelphia, the only situs of the court's docket, at Civil Action No. 81–2132, against the Debtor in this Chapter 11 case, Food Center, Inc., in the amount of $14,372.00. The case was assigned to the Honorable E. Mac Troutman, who sits almost exclusively in Reading. When no answer was filed, Swift caused a default to be entered against the Debtor on July 16, 1981, by Judge Troutman, while sitting in Reading.

On October 27, 1982, the Debtor filed this voluntary Chapter 11 case, which incidentally was assigned to the Honorable Thomas M. Twardowski, United States Bankruptcy Judge, who also sits almost exclusively in Reading. On January 30, 1986, the Debtor filed the instant adversarial proceeding seeking the relief of an order to allow the sale of a parcel of real estate owned by it, situated at 2300 Penn Avenue, West Lawn, Berks County, free and clear of all liens and encumbrances. Distribution proposed was first, to the Debtor's counsel in payment of an Application for Compensation already approved by the Court, next to the mortgagee, next to the parties holding valid judgment liens, and the balance to taxing authorities.

The only party who filed any answer or objection to this relief was Swift. At trial of the case before the undersigned in Reading on September 26, 1986, the parties entered into a Stipulation authorizing the sale, subject to an agreement to hold $20,-000.00 from the sale proceeds in escrow. This sum was agreed to be clearly sufficient to cover the amount of the Swift judgment. The parties further agreed that the proceeds would be sufficient to pay in full all of the claims, including Swift's judgment, with the possible exception of the taxes. Thus, the only practical consequence of the resolution of the issue at bar

is whether Swift or the taxing authorities shall have priority in regards to the sale of proceeds.

The relevant state statutory provisions are 42 Pa.C.S.A. §§ 4305(a) and (b), which provide as follows:

> (a) General Rule.—Except as provided in subsection (b), every judgment of a United States court within this Commonwealth shall, as provided by 28 United States Code § 1962 (relating to lien) or otherwise, be a lien on property located within this Commonwealth in the same manner, to the same extent and under the same conditions as a judgment of a court of common pleas of this Commonwealth and shall cease to be a lien in the same manner and time.

> (b) Filing requirement.—The certified transcript of the judgment of the United States court shall be filed in the office of the clerk of the court of common pleas of the county where the property is located unless the judgment was rendered by such United States court within the county where the property is located ...

Swift admits that its federal judgment was obtained in Civil Action No. 81–2132 has never been filed in any offices of the clerks of any of the courts of common pleas. Thus, its only chance to prevail is by successful invocation of the waiver of the filing requirement because its judgment was rendered by a "United States court within" Berks County, where the property is located, per 42 Pa.C.S.A. § 4305(b).

Swift argues, simply, that Judge Troutman's decision was rendered "within" Berks County, and hence that 42 Pa.C.S.A. § 4305(b) obviates its need for filing. The only authority cited by it are such cases as *United States v. Hodes*, 355 F.2d 746 (2d Cir.1966) *cert. dismissed*, 386 U.S. 901, 87 S.Ct. 784, 17 L.Ed.2d 779 (1967), which held that execution of federal judgments follows state law. This principle is doubtless true, but it does not resolve the issue of how to interpret this particular state law on this point.

To obtain a judgment lien, the Debtor counters with what is essentially a "public policy" argument: that the purpose of the § 4305(b) exception from filing arises from the assumption that an appearance on the docket is notice, that the docket of cases in the Eastern District court is located only in Philadelphia, and that a person searching the docket for judgments would have to go there. There is, however, no claim by the Debtor that it checked the dockets, and the Debtor appears to have been well aware of the judgment.

The decision is rendered on the following bases. First, it is provided by statute that "Court for the Eastern District shall be held at Allentown, Easton, Reading, and Philadelphia." 28 U.S.C. § 118.[1] Therefore, Reading—and Berks County—is an official situs for the court. The ruling made here would hence not apply to, for example, a bankruptcy court judgment entered in Lancaster or West Chester, where this court sometimes sits, but has no official station.

Secondly, although the locus of the docket *might* be the explanation for § 4305(b), this purported purpose is not clear. Had it so desired, the legislature could have drafted § 4305(b) to read "rendered by such United States court *whose docket is located* within the county where the property is located." If the legislation so read, then Judge Troutman's judgment in Civil Action No. 81–2132 would have constituted a lien only upon property which the Debtor had in Philadelphia County. It seems to us more logical that Judge Troutman's decision at the official Reading station of this court should constitute an "automatic" lien on Berks County realty than on Philadelphia realty.

Thirdly, we note that the party raising the issue here is the Debtor, who, being aware of the judgment, was not prejudiced by the filing requirement. Had the taxing authorities appeared and argued this point, and, particularly, if they had shown any

---

1. Interestingly, prior to a 1970 amendment, court could be held only at Easton and Philadelphia. No court station presently exists at all in Easton.

sort of prejudice due to the lack of filing, a different result may have been in order.

Accordingly, an appropriate Order will be entered, providing Swift with priority as a lienholder on the Berks County realty of the Debtor as of the date of its judgment.