**In re Eric CHANDLER, Debtor.**

**In re James CHANDLER, Debtor.**

**Bankruptcy Nos. 86–02697G, 86–02698K.**

United States Bankruptcy Court,
E.D. Pennsylvania.

July 24, 1987.

</div>

See also, Bkrtcy., 77 B.R. 513.

Jack K. Miller, Philadelphia, Pa., for debtor/Chandler.

Martin N. Ghen, Doylestown, Pa., Mary B. Seiverling, Harrisburg, Pa., for creditors.

Edward Sparkman, Trustee, Philadelphia, Pa.

## MEMORANDUM OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

We are herein presented with Motions pursuant to 11 U.S.C. § 522(f)(1) to avoid certain judicial liens of the Commonwealth of Pennsylvania, Department of Public Welfare (hereinafter referred to as "DPW") filed by the Debtors in the above-entitled cases, brothers who are co-owners of a premises situated at 5904 West Chew Avenue, Philadelphia, Pennsylvania 19138 (hereinafter referred to as "the premises"). Also pending in both cases and scheduled for hearings on August 11, 1987, are § 522(f)(1) Motions involving another judgment lienholder, First Mercantile Consumer Discount Co. (hereinafter referred to as "1st Merc."). In recognition of the interest of economy served by so doing, we entered an Order on June 25, 1987, assigning the disposition of the instant Motions to the undersigned. Earlier, the disposition of the § 522(f)(1) Motions relating to 1st Merc. in both of these cases were also assigned to the undersigned. In all other respects, Eric's bankruptcy case is and remains assigned to our judicial brother, the Honorable Bruce Fox.

The parties have submitted these matters on two sets of stipulated facts. The judgment liens of the premises in issue, the value of which was stipulated to be $19,500.00, were inherited by the Debtors when their mother, Thelma L. Chandler, deeded it to them on September 30, 1982. The following quotation from the Debtors' Brief, altered only to reflect our designated abbreviations of the names of the parties, accurately summarizes the pertinent aspects of these Stipulations:

1. The Premises is subject to a first mortgage held by United Brokers Mortgage Co. ("United") in the principal amount of $1,500.00.
2. The Debtors are entitled to an exemption in said property in the amount of $15,000.00.
3. 1st Merc. holds a judgment lien in the amount of at least $8,607.00 entered in the Court of Common Pleas of Philadelphia County, November term, 1973, no. 3418, entered on March 14, 1980.
4. DPW has three judgment liens, revived or attempted to be revived as indicated in the chronological breakdown below, arising from Court of Common Pleas of Philadelphia County, March term, 1971, no. 3661, entered March 22, 1971 ("judgment no. 3661"); April term, 1975, no. 7184 ("judgment no. 7184"); April term, 1975, no. 7185 ("judgment no 7185").
5. Each of DPW's three judgments are for the amounts of $2,690.00.

The following is a chronological breakdown of judgment and revival activity as regards the subject real estate:

| Date | Creditor | Judgment | Today's value |
|------|----------|----------|---------------|
| 3/22/71 | DPW | No. 3661 | $2,690.00 |
| 4/4/75 | DPW | No. 7184 | 2,690.00 |
| 4/4/75 | DPW | No. 7185 | 2,690.00 |
| 11/13/75 | DPW | revival of No. 3661 | 2,690.00 |
| 2/19/80 | DPW | revival of No. 7184 | 2,690.00 |
| 2/19/80 | DPW | revival of No. 7185 | 2,690.00 |
| 3/14/80 | 1st Merc. | No. 3418 | 8,607.00 |
| 4/3/81 | DPW | revival of No. 3661 | 2,690.00 |
| 12/18/84 | DPW | revival of No. 7184 | 2,690.00 |
| 12/18/84 | DPW | revival of No. 7185 | 2,690.00 |
| 12/4/85 | DPW | revival of No. 3661 | 2,690.00 |

DPW has stipulated that the revival of judgment no. 3661 on April 3, 1981 was outside the five-year statutory period [see 42 Pa.C.S.A. § 5526(1)] and, therefore, 1st Merc.'s judgment has priority over DPW's judgment no. 3661. DPW has further stipulated that the revivals of judgments nos. 7184 and 7185 on December 18, 1984 do not appear on the Court of Common Pleas' docket. Debtors' Memorandum of law in Support of Motion to Avoid Liens, at 1–2.

In addition to the foregoing, the parties also stipulated that, although the revivals of judgment nos. 7184 and 7185 do not appear on the dockets, they were in fact noted as duly filed and revived on the judgment indices. The crux of the issue before us is whether the failure of the revivals to appear on the dockets is fatal to their priority. The parties further stipulated that, if DPW lost its priority as to 1st Merc. on judgment nos. 7184 and 7185 because of the absence of docketing, all of the DPW liens would be avoidable because the United Mortgage and 1st Merc. judgments would exhaust all of the Debtors' equity which was not exempt. Meanwhile, if we determine that judgment nos. 7184 and 7185 were properly revived, the parties agree that DPW would have liens which could not totally be avoided, as $3,000.00 in non-exempt equity would remain. These Stipulations and calculations are totally consistent with the formula for applying § 522(f)(1) which we set forth in *In re Magosin*, 75 B.R. 545, 547 (Bankr.E.D.Pa. 1987).

The Debtors' argument that improper docketing renders the revivals ineffective is based solely upon 42 Pa.C.S.A. § 4303(a), which provides as follows:

§ 4303. Effect of judgments and orders as liens

(a) Real property.—Any judgment or other order of a court of common pleas for the payment of money shall be a lien upon real property on the conditions, to the extent and with the priority provided by statute or prescribed by general rule adopted pursuant to section 1722(b) (relating to enforcement and effect of orders and process) when it is entered of record and indexed in the office of the clerk of the court of common pleas of the county where the real property is situated, or in the office of the clerk of the

branch of the court of common pleas embracing such county.

The responses of DPW are as follows: (1) The recording of the revivals in the respective judgment indices is sufficient enough to furnish constructive notice to other lienholders and hence suffices to render the revivals perfected; and (2) The Commonwealth is granted a special dispensation in effecting revivals, requiring it to only file a "suggestion of non-payment" to do so. Although DPW recognizes that the statutory basis for this dispensation, 12 P.S. § 885, was repealed by the Judiciary Act Repealer Act (hereinafter referred to as "JARA"), it contends that 42 Pa.C.S.A. § 20003(b) continues the practice through its general proviso that, if no general rules are in effect with respect to any laws repealed by JARA, such laws become part of the common law of the Commonwealth.[1]

 We believe that DPW is entitled to prevail for a reason which it has not articulated, although our result is also supported by the policies expressed in both of DPW's articulated responses. We believe that 42 Pa.C.S.A. § 4303(a) applies only to *initial* entries of judgments, not *revivals* of judgments. We note that none of the cases cited by the Debtors which evoke 42 Pa.C.S.A. § 4303(a) involve revivals. *E.g., Trestrail v. Johnson*, 297 Pa. 49, 146 A. 150 (1929); *Jaczyszyn v. Paslawski*, 147 Pa.Super. 97, 24 A.2d 116 (1942); and *Penn Title Ins. Co. v. Intercounty Abstract, Ltd.*, 31 D. & C.3d 635 (Montg. Co.C.P.1984). Nor could we locate any other cases that did apply this statutory provision to revivals.

We believe that there is a reason for treating initial entry of judgments different from revivals. The entry of the judgment on the docket in the first place in itself provides a degree of constructive notice that the judgment exists and that it possibly could have been revived. If there is no initial docket entry of judgment, there is no constructive notice of the entry of the judgment at all.

 In keeping with the first response of DPW, we agree that the entry of the judgment on the docket in the first instance, combined with the recording of the revival on the judgment indices does appear "sufficient enough" constructive notice to inquirers despite the absence of the docketing of the revival.

 Further, in keeping with the second response of DPW, a party making a title search of a Commonwealth judgment should, as per the suggestion of 2 LADNER ON CONVEYANCING IN PENNSYLVANIA, §§ 16.03, 19.17, at 9, 18 (rev. 4th ed. J. Makdisi 1979), check the judgment index. DPW may well be correct that the principles set forth in 12 P.S. § 885 remain viable in the common law of the Commonwealth.

 DPW's citation to *Lambert v. K-Y Trans. Co.*, 113 Pa.Super. 82, 172 A. 180 (1934), for the principle that, where a recitation on the record is sufficient to lead an inquirer to discover the proper status of a matter, an erroneous recording is immaterial, is appropriate. The entry of the judgment in favor of DPW was, we believe, sufficient to lead an inquirer to review the judgment index and discover the revival despite the absence of reference to it on the docket entries.

 We are not impressed by any equities in favor of the Debtors in this situation. A failure to revive a judgment does not normally alter the effectiveness of a judgment lien as to a judgment debtor. *See, e.g., Second Nat'l Bank of Altoona v. Faber*, 332 Pa. 124, 128, 2 A.2d 747, 749 (1938); *Croskey v. Croskey*, 306 Pa. 423, 426–27, 160 A. 103, 104 (1932); and *Swope v. Turner*, 193 Pa.Super. 217, 218–19, 163 A.2d 714, 715 (1960). Yet here the Debtors are seeking to avoid DPW's liens by reason of the allegedly imperfect revivals of the judgments. We do not believe that, generally, they may do so. To the extent that *In re Lucas*, 41 B.R. 785 (Bankr.E.D.Pa.1984) (Debtors successfully attacked sheriff's sale due to improper revival of underlying

---

1. This principle was discussed in the context of a different repealed statute by Judge Fox in *In re Borbridge and DeSantis*, 66 B.R. 998, 1003 n. 11 (Bankr.E.D.Pa.1986).

judgment), cited by the Debtors, suggests to the contrary, we have already questioned that result. *See In re Souders,* 75 B.R. 427, 440 (Bankr.E.D.Pa.1987).

We further question the applicability of cases such as *In re Duffy-Irvine Associates,* 39 B.R. 525, 528 (Bankr.E.D.Pa.1984), also cited by the Debtor, on similar grounds. That case involved a challenge of the validity of a judgment by a *Trustee,* exercising his "strong-arm" powers pursuant to 11 U.S.C. § 544(a). We do not believe that the Debtors, as parties to the transaction, could not successfully attack the validity of the revival "solely due to defects in its recording ... unless they were proceeding, in the shoes of the Trustee, pursuant to 11 U.S.C. §§ 522(h), 522(g)(1) and 544," *In re Morrison,* 69 B.R. 586, 590 (Bankr.E.D.Pa.1987), as in *Duffy-Irvine.* The Debtors here are proceeding in their own shoes.

Finally, our concern for the hypothetical inquirer who might overlook the revival not appearing in the judgment index is not overwhelming, either. Again, it is the Debtor and not a lien creditor prejudiced by the lack of notice who is raising the point. The presence of such an inquirer or lien holder asserting prejudice could lead to a different result. *Cf. In re Food Centers, Inc.,* 71 B.R. 16, 18–19 (Bankr.E.D.Pa. 1986). Such concern for "the integrity of the recording statutes" is, as we noted in *Morrison, supra,* 69 B.R. at 591, frequently overemphasized. It seems particularly overemphasized when it is sought to be applied by the judgment Debtors to DPW here, when the parties have stipulated that DPW "duly revived" the judgments in issue and all that is lacking is the recordation of the revival on the dockets.

Therefore, we shall enter an Order concluding that DPW has properly revived judgment nos. 7184 and 7185 and holding that they may not be avoided to the extent of $3,000.00, $1,500.00 as to each Debtor, or $750.00 for each Debtor per judgment. *See In re Crompton,* 68 B.R. 831, 834–35 (Bankr.E.D.Pa.1987) (property jointly owned valued at half of its entire value as to one of co-owners). To effect this result, we shall allow the Debtors to avoid the lien of the judgment in no. 3661 in its entirety, pursuant to the parties' Stipulation that we may do so; retain the lien of judgment no. 7184, and allow avoidance to the extent of the balance of $310.00, or $155.00 as to each Debtor, as to judgment no. 7185.

### ORDER

AND NOW, this 24th day of July, 1987, upon consideration of the Motions of the respective Debtors in the above-entitled cases to Avoid Liens of the Commonwealth of Pennsylvania Department of Public Welfare (hereinafter referred to as "DPW") allegedly impairing their respective exemptions in their jointly-owned premises at 5904 Chew Avenue, Philadelphia, Pennsylvania 19138, it is hereby ORDERED as follows:

1. The Debtors' Motions are GRANTED in part.

2. The judicial liens of DPW, and/or its successors or assignors, against the above premises which arose from the judgments obtained against the Debtors' predecessor in title in the following cases in the Court of Common Pleas of Philadelphia County are hereby AVOIDED to the following respective extents:

 a. March Term, 1971, No. 3661, avoided in its entirety.

 b. April Term, 1975, No. 7184, not avoided in any respect.

 c. April Term, 1975, No. 7185, avoided as to the amount of $155.00 per Debtor, or a total of $310.00, and otherwise not avoided.